Hon. Bárbara Sanfiorenzo Zaragoza, demandante y peticionaria, *v.* Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura, etc., demandados y recurridos.

*Número:* CE-93-742          *Resuelto:* 16 de marzo de 1995

*Margarita Carrillo Iturrino*, abogada de la peticionaria; *Pedro A. Delgado Hernández, Procurador General*, y *María Adaljisa Dávila, Procuradora General Auxiliar*, abogados de los recurridos.

I

PER CURIAM: La recurrente, Barbara Sanfiorenzo Zaragoza, comenzó a prestar servicios al Estado Libre Asociado (en adelante E.L.A.) en 1969, primero como maestra de escuela elemental y luego como oficial probatorio de adultos. Durante ese tiempo fue participante del Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico (en adelante Sistema de Retiro), desde enero de 1970 hasta agosto de 1977, cuando renunció al servicio público.

En 1980 la peticionaria solicitó el reembolso de todas las aportaciones que había efectuado al Sistema de Retiro hasta entonces, por lo que en marzo de 1981 se le reintegró la suma de dos mil doscientos treinta y dos dólares ($2,232), que incluía todas sus aportaciones, más los intereses devengados.

En enero de 1988 Sanfiorenzo fue nombrada juez del Tribunal Superior de Puerto Rico y desde entonces es participante del Sistema de Retiro para la Judicatura del Estado Libre Asociado de Puerto Rico (en adelante la Judicatura). El 25 de octubre de 1989 solicitó a la Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura que le permitiese devolver al sistema de retiro los fondos que previamente le habían sido reembolsados, correspondientes a los servicios prestados desde 1970 hasta 1977, para así lograr crédito por dichos servicios.

La solicitud de Sanfiorenzo fue denegada por la Administración de los Sistemas de Retiro, y esa decisión fue confirmada con posterioridad tanto por la Junta de Síndicos de los Sistemas de Retiro como por el Tribunal Superior, Sala de San Juan, a donde la peticionaria acudió en revisión judicial. Todos los foros resolvieron de igual modo. Determinaron, en esencia, que Sanfiorenzo no podía recibir crédito en el Sistema de Retiro de la Judicatura, por los servicios prestados en otros cargos del Gobierno del E.L.A., hasta tanto no hubiese cumplido ocho (8) años de servicio como juez.

Sanfiorenzo acudió ante nos, mediante petición de *certiorari*, para impugnar la determinación judicial aludida. El 18 de febrero de 1994 le concedimos término a la Administración de los Sistemas de Retiro para mostrar causa por la cual no debíamos revocar la sentencia recurrida. Luego de solicitar y obtener una prórroga, la Administración de los Sistemas de Retiro compareció. Posteriormente, la peticionaria presentó un escrito de réplica para contestar lo argumentado en dicha comparecencia. Hemos considerado los planteamientos de ambas partes y pasamos a resolver.

## II

■    Tanto el Tribunal Superior como los foros administrativos que intervinieron en este caso amparan sus respectivas decisiones en lo dispuesto en el Art. 2 en cuanto a las definiciones de la Ley de Retiro de la Judicatura, 4 L.P.R.A. sec. 234, que al especificar el significado del término "Servicios", inciso (13), señala, en lo pertinente:

> (13) "Servicios" significará los servicios prestados comenzando el primer día en que cualquier persona sea nombrada juez o que por primera vez entre al servicio de cualquier agencia, departamento o división del Gobierno de Puerto Rico, no importa que esa fecha sea anterior o posterior a la fecha de efectividad de esta ley y terminado en la fecha de separación

del servicio. Todos los períodos intermedios siguientes a la renuncia, separación o expiración de cualquier término de elección o nombramiento durante los cuales un participante no estuvo en el servicio del Gobierno, se excluirán y no se dará crédito por los mismos. No se dará crédito por servicio alguno prestado al Gobierno en cualquier capacidad que no sea la de juez, a menos que:

(a) haya prestado ocho (8) años de servicio como juez; y

(b) el participante devuelva al Sistema las aportaciones que le sean reembolsadas a partir de la vigencia de esta ley por cualquier otro Sistema de Retiro bajo el cual haya prestado sus servicios, incluyendo los intereses que al tipo prescrito por el Sistema indicado hubieren acumulado dichas aportaciones a la fecha en que se efectuó la devolución, excepto que a los efectos de cualificar para una pensión por incapacidad no ocupacional exclusivamente se dará crédito en cualquier momento por los servicios prestados al Gobierno en otra capacidad que no sea la de juez, sujeto a lo expresado en la cláusula (b) de este inciso; Disponiéndose, que .... 4 L.P.R.A. sec. 234(13).

■ La disposición antes mencionada, sin embargo, no es la única que aplica a la situación ante nos. También deben considerase otras disposiciones que son pertinentes. Una de ellas es el Art. 6 de la medular Ley de Reciprocidad entre Sistemas de Retiro, según enmendada en 1992 (3 L.P.R.A. sec. 802), que dispone lo siguiente:

—*Reinstalación de créditos por servicios*

Cualquier empleado que con anterioridad o posterioridad a la fecha de aplicación de esta ley mediante el recibo de las aportaciones acumuladas a su favor haya renunciado o renuncie a todo derecho y perdido todos los créditos por servicios en cualquier sistema de retiro y haya regresado o regrese a un empleo cubierto por un sistema de retiro podrá reintegrar dichas aportaciones al sistema del cual las recibió y de esta manera obtener nuevamente crédito por el servicio acreditable cubierto por dichas aportaciones. El participante deberá solicitar la transferencia de sus aportaciones conjuntas al sistema al cual esté cotizando de acuerdo con lo dispuesto en las secs. 797 *et seq.* de este título. El participante podrá solicitar que se le conceda un plan de pagos para la devolución de las aportaciones. Sec. 2 de la Ley Núm. 51 de 28 de agosto de 1992 (3 L.P.R.A. sec. 802).

■ Otra es el Art. 9 de la Ley de Retiro de la Judicatura, 4 L.P.R.A. sec. 243, que, en lo pertinente, dispone:

*—Miembros del Sistema de Retiro de los Empleados*

El 1ro. de julio de 1954, todos aquellos jueces que sean miembros del Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico cesarán como tales y automáticamente vendrán a ser participantes de este Sistema, sujetos a todos los derechos, condiciones y obligaciones del mismo. Las aportaciones hechas por tales participantes al Sistema de Retiro de los Empleados del Estado Libre Asociado de Puerto Rico, incluyendo intereses hasta la mencionada fecha, se transferirán al Sistema creado por las secs. 233 a 246 de este título y se contabilizarán en las cuentas respectivas de los participantes para el uso y propósitos de las disposiciones de dichas secciones. El Administrador queda por la presente autorizado para recibir tales fondos.

Las sumas así transferidas del Sistema de Retiro de los Empleados del Gobierno de Puerto Rico y sus Instrumentalidades, podrán reintegrarse a dicho Sistema de no haber servido el participante como juez los últimos ocho (8) años de servicios que anteceden a su renuncia o retiro por edad o por incapacidad para poder obtener crédito por los años servidos al Gobierno en cualquier otra capacidad que no sea como juez, según las disposiciones de la sec. 234 de este título.

▮ Finalmente, también es pertinente el Art. 3 de la mencionada Ley de Reciprocidad entre Sistemas de Retiro, 3 L.P.R.A. sec. 799, que, en lo que nos interesa, dispone lo siguiente:

*—Continuidad de créditos por servicios*

Todo empleado que se separe del servicio de un patrono para ingresar en el servicio de otro patrono que mantenga un plan de retiro, según se define en la sec. 798 de este título, será automáticamente miembro de ese sistema, por lo cual no tendrá derecho al reembolso de las aportaciones acumuladas a su favor en el sistema de retiro del cual se separó. Las aportaciones conjuntas y los créditos por servicios acumulados a su favor, según le hayan sido reconocidos al empleado por el sistema al cual pertenecía, serán transferidos al nuevo sistema tan pronto el empleado comience a cotizar al mismo. Dicho sistema le acreditará al empleado los servicios transferidos del sistema o sistemas anteriores. Disponiéndose, que ....

Como puede deducirse de un análisis contextual de las distintas disposiciones aludidas, la peticionaria tiene derecho a reintegrar las aportaciones en cuestión *al sistema del*

*cual las recibió* y así tener a su favor, como servicio *acreditable*, los años correspondientes a esas aportaciones. Para facilitar la devolución de dichas aportaciones, la peticionaria puede solicitar, si lo desea, que se le conceda un plan de pago.

Una vez dichas aportaciones hayan sido reintegradas al sistema del cual la peticionaria las recibió, *éstas deben ser transferidas al nuevo sistema de retiro donde la peticionaria cotiza actualmente*; es decir, al Sistema de Retiro de la Judicatura, *si la peticionaria así lo interesa*.

Lo anterior no significa, claro está, que el Sistema de Retiro de la Judicatura dará crédito de inmediato a la peticionaria por los años de servicio correspondientes a las aportaciones devueltas. Sólo significa que tales años de servicio serán *acreditables* en dicho sistema; es decir, que se contabilizarán en la cuenta de la peticionaria en el Sistema de Retiro de la Judicatura y serán acreditados, oportunamente, conforme el uso y los propósitos autorizados por las normas que rigen dicho sistema. Así, pues, si la peticionaria llega a prestar ocho (8) años de servicio como juez, se le acreditarán entonces; si la peticionaria cualifica en cualquier momento para una pensión por incapacidad no ocupacional, se le acreditarán de inmediato al ocurrir; si la peticionaria se retira de la Rama Judicial sin haber cumplido los ocho (8) años de servicio, se acreditarían dichos años junto con los servidos en la Judicatura y se reintegrarían al Sistema de Retiro de Empleados del Gobierno, a los fines de obtener una pensión gubernamental en cualquier otra capacidad que no sea como juez, si ésta procede.

Nótese que la peticionaria puede tener razones meritorias, como las siguientes, para querer hacer la devolución de las aportaciones en cuestión lo más pronto posible, antes de cumplir ocho (8) años en el Sistema del Retiro de la Judicatura: Puede ser el momento más conveniente para costear la devolución; puede querer tener su caso en orden

y al día para evitar así los riesgos o complicaciones que podrían surgir de un suceso inesperado que haga la pensión súbitamente necesaria; puede querer minimizar los intereses u otros ajustes que deban pagarse, si alguno, para recibir el crédito interesado, y que podrían aumentar, dependiendo de cuándo se hace la devolución. Por otro lado, conviene al Sistema de Retiro que la devolución de las aportaciones se haga a la brevedad posible porque así el fideicomiso recibe fondos adicionales pronto, lo que ayuda a mantener su estabilidad financiera.

Tampoco debe olvidarse que hemos señalado reiteradamente que las leyes que versan sobre pensiones de retiro deben interpretarse de forma liberal a favor del beneficiario. *Villamil Suárez v. D.T.O.P.*, 133 D.P.R. 805 (1993); *Calderón v. Adm. Sistemas de Retiro*, 129 D.P.R. 1020 (1992); *Sánchez v. A.S.R.E.G.J.*, 116 D.P.R. 372 (1985); *Acuña v. Junta de Retiro*, 58 D.P.R. 94 (1941). También hemos enfatizado la importancia de darle efectividad a la aludida Ley de Reciprocidad entre Sistemas de Retiro, cuyo propósito esencial es garantizar la continuidad de créditos por servicio entre los diversos sistemas de retiro de los empleados públicos. Hacerlo asegura que un empleado público no perderá ningún derecho que tenía reconocido en un sistema de retiro por el mero hecho de que ha pasado a ser participante en otro sistema de retiro gubernamental. *Correa Suárez v. Junta de Retiro para Maestros*, 88 D.P.R. 590 (1963). Recientemente la Asamblea Legislativa reiteró y fortaleció la política pública de garantizarle a un empleado público, que ingresa a un nuevo sistema de retiro gubernamental, la continuidad de los derechos que tenía antes en otro sistema de retiro público. Mediante una enmienda aprobada en 1992, el legislador eliminó de la llamada Ley de Reciprocidad entre Sistemas de Retiro la limitación que antes existía que fijaba un plazo máximo para que el empleado público devolviese las aportaciones que había recibido del sistema de retiro al que había per-

tenecido inicialmente. Antes el empleado tenía un término de dos (2) años a partir de su ingreso al nuevo sistema de retiro para devolver las aportaciones retiradas del otro sistema, pero la Legislatura eliminó ese requisito en 1992 para así asegurar que el empleado no perdería los derechos que había obtenido en sus anteriores años de servicio público. Véase la Sec. 2 de la Ley Núm. 51 de 28 de agosto de 1992 (3 L.P.R.A. sec. 802). Esta enmienda, que liberaliza la devolución.de aportaciones, evidentemente milita en favor de la petición ante nuestra consideración.

En este caso, la Administración de los Sistemas de Retiro, que tiene a su cargo a la vez tanto el Sistema de Retiro de los Empleados del Gobierno como el Sistema de Retiro de la Judicatura, debió acceder a la solicitud de la peticionaria de devolver las referidas aportaciones, *a los fines antes indicados.* Por ello erró el Tribunal Superior, Sala de San Juan, al no ordenar que se recibieran tales fondos.

Por los fundamentos expuestos, *se expedirá el auto solicitado y se dictará sentencia para revocar la del foro de instancia de 8 de noviembre de 1993 y para ordenar a la Administración de los Sistemas de Retiro del Gobierno y la Judicatura a recibir la devolución de las aportaciones hechas por la peticionaria de 1970 a 1977.*

*Se dictará sentencia de conformidad.*

Los Jueces Asociados Señores Negrón García y Rebollo López no intervinieron.