Rivera Pérez, Juez Ponente
*859 TEXTO COMPLETO DE LA SENTENCIA
El presente recurso plantea a esta Curia la improcedencia de una resolución emitida por el Tribunal de Primera Instancia declarando sin lugar una solicitud de sentencia sumaria presentada por el querellado en un procedimiento de despido y reclamación de salarios, por haber controversias de hechos materiales y esenciales relativas al concepto de discrimen en las figuras de despido injustificado y despido ilegal; sobre si el querellante ha recibido o no el beneficio de la mesada por despido injustificado; y sobre los elementos fáctico's requeridos jurisprudencialmente para la activación de la doctrina del patrono sucesor. Se expide el auto solicitado y se confirma la resolución recurrida.
I
El 23 de octubre de 1995, el señor José A. Rodríguez Hernández presentó una querella por despido injustificado e ilegal y reclamación de salarios contra el señor Rafael López López, su esposa Fulana de Tal, y la Sociedad Legal de Gananciales compuesta por ambos h/n/c Vaquería Los Robles. Aseveró en su alegación original que trabajó para tal empresa desde junio de 1990 hasta su despido, el día 24 de diciembre de 1994. Reclamó el pago de mesada por despido injustificado; el pago de horas extras y la penalidad correspondiente; el pago de vacaciones y la penalidad correspondiente; la restitución en su empleo, por haber sido despedido injusta e ilegalmente por razón de una consulta suya al Departamento del Trabajo sobre sus derechos; el pago de salarios dejados de percibir y la *860 penalidad correspondiente; un diferencial en salario y la penalidad correspondiente; una suma por concepto de daños y angustias mentales y otra suma por concepto de honorarios de abogado.
La parte promovida contestó la querella el 27 de noviembre de 1995 y formuló sendas defensas afirmativas. Negó las alegaciones correspondientes a salarios, horas extras, horas para tomar alimentos, vacaciones, despido injustificado e ilegal, y de que el querellante fuera su empleado antes del 25 de marzo de 1993. Alegó que su establecimiento opera desde el 25 de marzo de 1993, fecha en que lo adquirió, bajo el nombre de Vaquería Rafy López. Desde esa fecha opera bajo el número de licencia 2833. El anterior dueño del establecimiento lo operaba bajo el nombre Vaquería Los Robles y bajo el número de licencia 933. Argüyó que el querellante no fue su empleado sino desde el 25 de marzo de 1993 en adelante, por lo cual no existe obligación patronal alguna antes de esa fecha. Adujo que la querella no aduce hechos que justifiquen la concesión de un remedio antes del 25 de marzo de 1993. Alegó, además, que como él había pagado para beneficio del querellante de autos la suma de $1,216.68, por razón de otra querella que esa misma persona había entablado contra él ante el Departamento del Trabajo por despido injustificado, el caso de autos ya era cosa juzgada. Argüyó que conceder compensación adicional por el mismo asunto constituiría enriquecimiento injusto.
La parte querellada solicitó, mediante escrito titulado "Escrito Especial" con fecha del 25 de febrero de 1997, la desestimación de la querella por no ser aplicable a dicha parte la doctrina del patrono sucesor; por haberse pagado la mesada por concepto de despido injustificado; y por incluir en un procedimiento sumario bajo la Ley Núm. 2 de 17 de octubre de 1961 una reclamación de daños y perjuicios. Todos esos argumentos el Tribunal de Primera Instancia los acogió como parte de ese escrito presentado por la parte querellada y considerado por ese Tribunal como una solicitud de sentencia sumaria. Anteriormente, el 27 de noviembre de 1995, esa misma parte había solicitado al Tribunal de Primera Instancia la desestimación de la querella, mediante escrito titulado "Moción de Desestimación y/o de Conversión al Procedimiento Ordinario y/o de Sentencia Sumaria Parcial", que fue declarado sin lugar por ese Tribunal el 25 de septiembre de 1996, notificado a las partes ese mismo día. No surge de nuestro expediente que la parte aquí peticionaria haya recurrido de esa resolución a este Tribunal en la forma y dentro del término dispuesto por ley.
El 4 de junio de 1997, el Tribunal de Primera Instancia, Sala Superior de Arecibo, dictó la resolución recurrida, notificada a las partes el 11 de junio de 1997, declarando Sin lugar la solicitud de sentencia sumaria de fecha del 25 de febrero de 1997, por existir Controversia sustancial sobre hechos materiales, la cual debía dilucidarse en un juicio plenario. 
La parte recurrente ha señalado como errores cometidos por el Tribunal de Primera Instancia los siguientes:

"a) la inaplicabilidad de la doctrina de patrono sucesor a este caso, y de la ley de traspaso de negocio en marcha;

b) falta de parte indispensable, prescripción;

c) lo insostenible de la distinción entre despido injustificado y despido ilegal en este caso;

d) la improcedencia de la acción de daños y perjuicios en este caso;

e) la extinción de la obligación del pago de mesada por el pago hecho en beneficio del querellante ante el Departamento del Trabajo."

II
¿Es improcedente la denegatoria de la solicitud de sentencia sumaria decretada por el Tribunal de Primera Instancia por virtud de la resolución recurrida? La contestación es en la negativa. Veamos.
La Regla 36 de Procedimiento Civil preceptúa lo referente a la sentencia sumaria: 

"El propósito principal de la moción de sentencia sumaria es propiciar la solución justa, rápida y económica de litigios civiles 
 que no presentan controversias genuinas de hechos materiales, por lo 
*861
tanto no ameritan la celebración de un juicio en su fondo, ya que lo único que resta es dirimir una controversia de derecho. 
 Utilizada de forma apropiada, la sentencia sumaria contribuye a descongestionar los calendarios judiciales. 

La Regla 36.2 de Procedimiento Civil permite a un demandado presentar una moción, basada o no en declaraciones juradas, para que se dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación." 
La Regla 36.3 de Procedimiento Civil dispone lo siguiente:

"La moción se notificará a la parte contraria con no menos de diez (10) días de anticipación a la fecha señalada para la vista. Con anterioridad al día de la vista, la parte contraria podrá [sic] notificar contradeclaraciones juradas. La sentencia solicitada se dictará inmediatamente si las alegaciones, disposiciones [deposiciones], contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostraren que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente. Podrá dictarse sentencia sumaria de naturaleza interlocutoria resolviendo cualquier controversia entre cualesquiera partes que sea separable de las controversias restantes. Dicha sentencia podrá dictarse a favor o en contra de cualquier parte en el pleito."

La parte que solicita la sentencia sumaria en un pleito tiene la obligación de demostrar la inexistencia de una controversia real sobre todo hecho pertinente, que a la luz del derecho sustantivo determinaría que se dicte sentencia a su favor. Cuando existe controversia en relación con los hechos esenciales no debe dictarse sentencia sumaria y cualquier duda debe resolverse en contra de la parte promovente. 
Para derrotar una moción de sentencia sumaria, la parte promovida opositora deberá presentar declaraciones juradas y documentos que pongan en controversia los hechos presentados por el promovente. No obstante, el sólo hecho de no presentar evidencia que controvierta la presentada por la parte promovente, no implica que necesariamente proceda la sentencia sumaria. Los jueces no están constreñidos por los hechos o documentos evidenciarios que se aduzcan en la solicitud de sentencia sumaria. Deben considerar todos los documentos en autos, sean o no parte de la solicitud, de los cuales surjan admisiones hechas por las partes. 
El procedimiento de sentencia sumaria no permite que el tribunal dirima cuestiones de credibilidad. 
En términos generales, al dictar sentencia sumaria el tribunal deberá: (1) analizar los documentos que acompañan la solicitud de sentencia sumaria y los documentos incluidos con la moción en oposición, así como aquellos que obren en el expediente del tribunal; (2) determinar si el oponente de la moción controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. Analizados estos criterios, el tribunal no dictará sentencia sumaria cuando: (1) existen hechos materiales controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; o (4) como cuestión de derecho no procede. 
Aunque el tribunal dictará sentencia sumaria a su discreción, como regla general, no es aconsejable resolver sumariamente casos complejos o que envuelvan cuestiones de interés público. 
Por tratarse de un remedio discrecional, el uso del mecanismo de sentencia sumaria tiene que ser mesurado y procederá sólo cuando el tribunal quede claramente convencido de que tiene ante sí documentos no controvertidos, surgiendo de los mismos que no existen controversias sobre los hechos materiales pertinentes y que, por lo tanto, lo que resta es aplicar el derecho, ya que una vista en los méritos resultaría innecesaria. 
Una parte tiene derecho a un juicio plenario cuando existe la más leve o mínima duda en cuanto a *862 cuáles son los hechos. Toda duda en cuanto a la existencia de una controversia real debe resolverse en contra de la parte que solicita la sentencia sumaria. El propósito de utilizar un criterio tan estricto para evaluar una moción de sentencia sumaria es que no se ponga en peligro o se lesionen los intereses de las partes. 
El tribunal apelativo utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una sentencia sumaria. 
El principio de restitución en el empleo por razón de despido discriminatorio, por motivo del empleado haber hecho gestiones ante el Departamento del Trabajo de Puerto Rico relativas a sus derechos como tal, está alegadamente prescrita en la Ley Núm. 96 del 26 de junio de 1956, según enmendada, de la forma siguiente:

"(a) Todo patrono que despida, suspenda, rehúse admitir o restituir, reduzca el salario, rebaje en categoría, aumente las horas de labor o imponga otras condiciones de trabajo más onerosas a un empleado o ex-empleado suyo, discrimine en cualquier forma o amenace cometer contra él cualquiera de esos actos para evadir el cumplimiento de las sees. 245 et. seq. de este título, o de cualquier otra ley laboral o reglamento promulgado al amparo de las mismas o de cualquier decreto u orden de la Junta porque dicho empleado o ex-empleado se haya querellado, haya ofrecido o prestado testimonio o se disponga a ofrecerlo o prestarlo, en alguna investigación, querella, reclamación, audiencia o procedimiento administrativo o judicial que se lleve o haya llevado a cabo en relación con la aplicación de las sees. 245 et. seq. de este título o de cualquier otra ley laboral o reglamento promulgado al amparo de las mismas o de cualquier decreto, orden, reglamento, resolución o acuerdo de la Junta, o porque haya servido, sirva o se proponga servir como miembro de un Comité de Salario Mínimo, incurrirá en un delito menos grave, y una vez convicto, se le impondrá una multa de cien (100) a mil (1,000) dólares o cárcel por término de un(l) mes a seis (6) meses, o ambas penas a discreción del tribunal.

(b) Se presumirá que cualquiera de los mencionados actos obedece a la formulación de querella, ofrecimiento o prestación de testimonio, disposición de ofrecerlo o darlo, creencia de que se ofrecerá o prestará, o servicio en un Comité de Salario Mínimo, según sea el caso, cuando el patrono haya realizado el acto antes de transcurrir seis (6) meses desde la terminación de la investigación, querella, reclamación, audiencia o procedimiento, o funciones de un Comité de Salario Mínimo, a menos que demuestre satisfactoriamente que le había manifestado al empleado o ex-empleado su propósito, que en verdad tuviera, antes de existir la investigación, querella, reclamación, audiencia o procedimiento, o la propuesta para formar parte de un Comité de Salario Mínimo.

(c) El patrono deberá reponer en su empleo al trabajador y cesar en la continuación del acto de que se trate. Para obligarlo a cumplir esa obligación, tendrá competencia el Tribunal de Primera Instancia, mediante procedimientos sencillos, rápidos y preferentes, en los que se dará oportunidad de ser oídas a las partes interesadas. En dichos procedimientos se investigarán también los daños que el acto haya causado al empleado o ex-empleado, a cuyo favor se dictará sentencia por el doble del importe de los daños causados, además de concedérseles costas y una suma razonable, que nunca bajará de cincuenta (50) dólares, para honorarios de abogado."

Similar disposición contiene la Ley Núm. 80 del 30 de mayo de 1971, según enmendada, que dispone lo siguiente:
* * *

"No se considerará despido por justa causa aquel que se hace por mero capricho del patrono o sin razón relacionada con el buen y normal funcionamiento del establecimiento. Tampoco se considerará justa causa para el despido de un empleado la colaboración o expresiones hechas por éste, relacionadas con el negocio de su patrono, en una investigación ante cualquier foro administrativo, judicial o legislativo en Puerto Rico, cuando dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada según la ley. En este último caso, el empleado así despedido tendrá derecho, además de cualquier otra adjudicación que correspondiere, a que se ordene su inmediata restitución en el empleo y a que se le compense por una suma igual a los salarios 
*863
y beneficios dejados de percibir desde la fecha del despido hasta que un tribunal ordene la reposición en el empleo."

Los requisitos impuestos por la doctrina del patrono sucesor, formulada por nuestro más Alto Tribunal para determinar la responsabilidad de nuevo patrono por obligaciones contraídas por el patrono anterior con sus empleados, son los siguientes: 

"A los fines de determinar la similaridad y continuidad requeridas para que el nuevo patrono quede obligado a asumir, —bajo la doctrina del patrono sucesor— las obligaciones contraídas por el anterior patrono, se deben considerar los siguientes factores: (1) la existencia de una continuación sustancial de la misma actividad de negocios; (2) la utilización de la misma planta para las operaciones; (3) el empleo de la misma o sustancialmente la misma fuerza obrera; (4) la conservación del mismo personal de supervisión; (5) la utilización del mismo equipo y maquinaria y el empleo de los mismos métodos de producción; (6) la producción de los mismos productos y la prestación de los mismos servicios; (7) la retención del mismo nombre; (8) la operación del negocio durante el período de transición. La concurrencia de un número suficiente de estos factores es determinante en cuanto a la continuación de obligaciones del convenio colectivo."

El Tribunal de Primera Instancia encontró que existía controversia de hechos materiales y esenciales sobre las áreas siguientes:

"1) ¿Cuáles fueron las gestiones que realizó el querellante, aquí recurrido, ante el Departamento del Trabajo antes y después del despido? El Tribunal de Primera Instancia concluyó que el querellante debe probar, por estar controvertido ese hecho, que debido a ciertas gestiones realizadas por él ante el Departamento del Trabajo, sobre cuáles eran sus derechos como empleado, fue despedido.

2) No surge de autos como incontrovertido que el pago de la mesada haya sido satisfecho al querellante, aquí recurrido.

3) Los hechos necesarios para establecer el cumplimiento con los requisitos establecidos jurisprudencialmente para la activación de la doctrina del patrono sucesor."

No encontramos base jurídica alguna para intervenir con lo concluido por el Tribunal de Primera Instancia en cuanto a los anteriores apartados primero y tercero. En cuanto al apartado segundo, encontramos que es un hecho incontrovertido que el pago por concepto de mesada fue recibido por el Departamento del Trabajo de Puerto Rico en beneficio del aquí recurrido, señor José A. Rodríguez Hernández, por razón de una querella presentada por este último ante esa agencia por despido injustificado. 
La adjudicación por el Tribunal de Primera Instancia de los errores (a), (c) y (d) señalados por el aquí peticionario, depende de que se dirima en primer lugar la controversia sustancial existente entre las partes sobre hechos materiales esenciales.
El error señalado con la letra (c) fue cometido por el Tribunal de Primera Instancia, pues aparece como un hecho incontrovertido que el aquí recurrente recibió el pago correspondiente a la mesada a través del Departamento del Trabajo. Sin embargo, la acción de restitución al amparo de la Ley 80, supra, no está extinta, depende para su adjudicación que se dirima la controversia sobre los hechos relativos a si la injustificación del despido depende de un acto discriminatorio o no.
El señalamiento sobre falta de parte indispensable y prescripción no aparece planteado por el aquí peticionario en su "Escrito Especial", ni mucho menos resuelto por el Tribunal de Primera Instancia en la resolución recurrida, por lo que no habremos de discutir tal asunto, pues no existe ministerio revisor de este Tribunal para ello. El asunto sobre falta de parte indispensable fue adjudicado por el Tribunal de Primera Instancia en su resolución del 25 de septiembre de 1996. Fue declarada sin lugar la solicitud de desestimación por tal motivo. Tal resolución no consta que fuere recurrida ante este Tribunal por la parte aquí peticionaria. El asunto sobre prescripción no ha sido resuelto por el Tribunal de Primera Instancia hasta el presente.
*864 Nos hemos percatado que la parte aquí peticionaria ha presentado algunos documentos en el apéndice que acompaña su recurso, que nos señala como que no son "parte del legajo". Este Tribunal no puede considerar ningún documento que no sea parte del expediente de autos. Su inclusión ante este Tribunal es impermisible y podría ser objeto de sanciones por este Tribunal. 
III
Por los fundamentos antes expuestos, se expide el auto solicitado y se modifica la resolución recurrida a los efectos de concluir que la obligación del pago de mesada al aquí peticionario, al amparo de la Ley 80, supra, fue cumplida por la parte aquí recurrida. Así modificada, se confirma el resto de la resolución recurrida.
Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 98 DTA 42
1. Apéndice I, págs. 1-3 de la petición de Certiorari.
2. Apéndice II, págs. 4-7, supra.
3. 32 L.P.R.A. § 3118, et. seq.
4. Apéndice V, págs. 14-21, supra. No surge de nuestro expediente que estuviere acompañado dicho escrito de declaraciones juradas u otros documentos para apoyar tal pedimento.
5. Apéndice XIV, págs. 45-50, supra.
6. Apéndice III, págs. 8-11, supra.
7. 32 L.P.R.A. Ap. Ill, R. 36.
8. Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III.
9. Neca Mortgage Corporation v. A & W Developers, S.E., et als, 139 D.P.R. _, 95 J.T.S. 10, opinión del 7 de febrero de 1995; Revlon Realistic, Inc. v. Las Américas Trust Company, 136 D.P.R._, 94 J.T.S. 27, opinión del 15 de marzo de 1994; Rodríguez v. Secretario de Hacienda, 136 D.P.R._, 94 J.T.S. 20, opinión del 7 de marzo de 1994; Worldwide Food v. Alberic Colón, supra', Roig Commercial Bank v. Rosario Cirino, 126 D.P.R. 613 (1990); Aseg. Lloyd's of London, etc. v. Compañía de Desarrollo Comercial de P.R., et als, 126 D.P.R. 251 (1990); Tello Rivera v. Eastern Airlines, 119 D.P.R. 83 (1987).
10. Méndez Arocho v. El Vocero, 131 D.P.R. _, 92 J.T.S. 94, opinión del 30 de junio de 1992.
11. 32 L.P.R.A. Ap. III, R. 36.2.
12. Soto v. Hotel Caribe Hilton, 139 D.P.R. _, 94 J.T.S. 128, pág. 311, opinión de 17 de octubre de 1994.
13. 32 L.P.R.A. Ap. III, R. 36.3.
14. Hurtado Latre v. Osuna y Fresse, _ D. P. R. _, 95 J.T.S. 98, pág. 1065, opinión de 30 de junio de 1995; Tello Rivera v. Eastern Airlines, 119 D.P.R. 83, 86 (1987).
15. Bonilla Medina v. P.N.P., _ D.P.R. _, 96 J.T.S. 33, pág. 790, opinión de 13 de marzo de 1996; Cuadrado Lugo v. Santiago Rodríguez, 126 D.P.R. _, 90 J.T.S. 59, opinión de 30 de abril de 1990.
16. PFZ Properties, Inc. v. General Accident Ins. Co., P.R. Ltd., 138 D.P.R., 94 J.T.S., 116, opinión de 7 de septiembre de 1994; Rivera Santana v. Superior Packaging, Inc., 133 D.P.R. _, 92 J.T.S. 165, opinión de 9 de diciembre de 1992.
*865 17. Cuadrado Lugo v. Santiago Rodríguez, supra.
18. PFZ Properties, Inc. v. General Accident Ins. Co., P.R. Ltd., supra.
19. Ibid.
20. Ibid.
21. Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714, 720 (1986); Roth v. Lugo, 87 D.P.R. 386, 397 (1963).
22. Mercado Riera v. Mercado Riera, supra.
23. Phillip Morris, Inc. v. Tribunal Superior, 103 D.P.R. 207 (1975).
24. Electro-Mechanical Corp. v. Ogan, 9 F. 3d 445 (6to. Cir. 1993); Lett v. Magnant, 965 F. 2d 251 (7mo. cir. 1992); Lurnett v. Dow Chem. Co, 849 F. 2d 1269 (10mo. Cir. 1988); Helm v. Western Maryland Ry. Co., 838 F. 2d 729 (4to Cir. 1988); Gatx Aircraft Corp. v. M.V. Courtney Leigh, 768 F. 2d 711 (5to. Cir. 1985); Continental Cas. Co. v. City of Richmond, 763 F. 2d 1076 (9no. Cir. 1985); Mercantile Bank & Trust Co. v. Fidelity & Deposit Co., 750 F. 2d 838 (1 1er. Cir. 1985); Burtnieks v. City of New York, 716 F. 2d 982 (2do. Cir. 1983); Smith v. Our Lady of the Lake Hosp., Inc., 639 So. 2d 730 (La. 1994); O'Cain v. Harvey Freeman & Sons, Inc., 603 So. 2d 824 (Miss. 1991); Baugham v. American Tel. & Tel. Co., 410 S.E. 2d 537 (S.C. 1991); Reagan v. Union Oil Co. of California, 6-75 P. 2d 953 (Mont. 1984); Wright, Miller & Kane, op. cit., Vol. 10, 2da ed., § 2716, pág. 643.
25. 29 L.P.R.A. § 245 w (a), (b) y (c).
26. 29 L.P.R.A. § 185b.
27. Piñeiro v. International Air Services of P.R., Inc., _ D.P.R. _, 96 J.T.S. 39, opinión del 18 de marzo de 1996.
28. Véase apéndices X y XI, págs. 34-35, supra.
29. Véase apéndice II, págs. 32-33, supra.
30. Regla 74 de nuestro Reglamento.
31. Regla 85 (c) de nuestro Reglamento.