# 2003 DTA 76

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE SAN JUAN**
**PANEL II**

SANDRA GONZALEZ FORESTIER
Recurrente

v.

ADMINISTRACION DE LOS SISTEMAS DE RETIRO DE LOS
EMPLEADOS DEL GOBIERNO Y LA JUDICATURA
Recurrida

Núm. KLRA-2002-00748

San Juan, Puerto Rico, a 16 de abril de 2003

Panel especial compuesto por su Presidenta, Juez Rodríguez de Oronoz,
la Juez Peñagarícano Soler y el Juez Rivera Martínez

Peñagarícano Soler, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

Sandra González Forestier recurre ante nos mediante auto de Revisión presentado el 11 de octubre de 2002. Solicita revisemos la Resolución emitida el 28 de agosto de 2002, y notificada el 10 de septiembre de 2002, por la Junta de Síndicos de la Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura (en adelante, Administración).

Mediante la Resolución en cuestión, la Junta de Síndicos (en adelante, la Junta) declinó reconocerle a la recurrente el derecho de continuidad en el Sistema de Retiro.

Habiendo analizado los escritos presentados por las partes, a la luz del derecho aplicable, dictaminamos expedir el auto solicitado y confirmar la Resolución de autos. Veamos.

### I

Desde el 18 de abril de 1972 hasta el 7 de septiembre de 1988, la Sra. Sandra González Forestier (en adelante, Sra. González) brindó servicios como Técnica de Planificación en el servicio público. ██ Durante este período fue participante del sistema de retiro del gobierno. El 8 de septiembre de 1988, la Sra. González ingresó como empleada a la Puerto Rico Telephone Company (en adelante, PRTC). De forma automática ingresó al

Plan de Pensiones de la PRTC, luego de transcurrido un (1) año de servicio y retroactivo a la fecha de ingreso. ■

Así las cosas, el 26 de octubre de 1998, diez (10) años después, la recurrente notificó a la Administración su intención de continuar como participante del sistema de retiro. Esto, a tenor con el artículo 3 de la Ley de Retiro del Personal del Gobierno de Puerto Rico, Ley Núm. 447 de 15 de mayo de 1951, 3 L.P.R.A. secs. 761 *et seq.* El 22 de diciembre de 1998, mediante una misiva reafirmó a la Administración su interés de continuar participando del sistema de retiro del gobierno y solicitó además el estado de su cuenta. El 8 de enero de 1999, la recurrente recibió una comunicación de la Directora de Récords y Beneficios de la PRTC por la cual le indicaba que la PRTC procedería respecto a los beneficios de retiro, acorde a la determinación de la Administración. El 26 de febrero de 1999, la recurrente incoó una Demanda por sentencia declaratoria y *mandamus* solicitando el relevo de agotar remedios administrativos. Interesaba, además, que el Tribunal de Primera Instancia declarara que ésta tenía derecho a continuidad en el sistema de retiro y a participar en el programa de retiro temprano. ■

El 12 de marzo de 1999, la Administración le notificó a la Sra. González la decisión de no reconocerle el derecho a continuidad en el sistema de retiro gubernamental. El 13 de octubre de 1999, se notificó una carta emitida por la Oficina de Reconsideración de la Administración el 30 de septiembre de 1999, por la que se reafirmaba la denegatoria de continuidad en el sistema de retiro. Ante ello, el 22 de octubre de 1999, la recurrente presentó un escrito de Apelación ante la Junta de Síndicos de la Administración. Argumentó, entre otras cosas, que la PRTC había reconocido el derecho de continuidad contenido en el art. 3 de la Ley Núm. 447, *supra.* Además, esgrimió que el mecanismo utilizado por la Administración para denegarle su petición, la Ley de Reciprocidad, 3 L.P.R.A. sec. 797, es distinto al mecanismo establecido por la Ley. Núm. 447, *supra.* El 23 de noviembre de 1999, la Administración contestó la Apelación. En tanto, el 10 de diciembre de 1999, el Tribunal de Primera Instancia emitió Sentencia devolviendo el caso al foro administrativo.

El 14 de septiembre de 2001, la Sra. González presentó una Moción Solicitando Decisión sobre Apelación. El 13 de noviembre de 2001, se celebró una vista sobre el estado de los procedimientos ante la Junta. El 28 de agosto de 2002, la Junta emitió Resolución confirmando la decisión de la Administración. Esta decisión se notificó el 10 de septiembre de 2002.

No estando conforme con la aludida determinación, la recurrente acude ante nos mediante escrito de Revisión, indicando los siguientes señalamientos de errores:

*"A) Erró la Junta de Síndicos del Sistema de Retiro, al confirmar la decisión del Administrador de Retiro denegando la petición de la Apelante-Recurrente sobre su derecho a la continuidad como participante del Sistema de Retiro, según lo dispuesto por el Artículo 3 de la Ley Núm. 447 (3 L.P.R.A. 763), al determinar que hubo interrupción de servicios y, por ende, de la continuidad como participante del Sistema, al ésta no ejercer su derecho de permanecer cotizando en el mismo al ingresar a la PRTC.*

*B) Erró la Junta de Síndicos del Sistema de Retiro, al confirmar la decisión del Administrador de Retiro denegando la petición de la Apelante-Recurrente sobre su derecho a la continuidad como participante del Sistema de Retiro, al determinar que la Apelante no era elegible para solicitar el Retiro Temprano por no ser participante activa de Retiro a la fecha de la elección.*

*C) Erró la Junta de Síndicos del Sistema de Retiro, al confirmar la decisión del Administrador de Retiro al determinar que no era de aplicación al reclamo de la hoy Apelante-Recurrente a la parte dispositiva sobre continuidad de participación en Retiro, del Artículo 3 de la Ley Núm. 447 (3 L.P.R.A. 763), ya que los años de servicio no constaban debidamente acreditado.*

*D) Erró la Junta de Síndicos del Sistema de Retiro, al confirmar la decisión del Administrador de Retiro al requerir requisitos no contemplados por el Artículo 3 de la Ley Núm. 447 (3 L.P.R.A. 763), para ser acreedora la Apelante-Recurrente de su derecho a la continuidad.*

*E) Erró la Junta de Síndicos del Sistema de Retiro, al confirmar la decisión del Administrador de Retiro y determinar que hubo interrupción en la continuidad en el servicio de la Apelante-Recurrente, según lo dispone el artículo 3 de la ley Núm 447 (3 L.P.R.A. 763), por el hecho de ser beneficiaria del Plan de Pensiones al ingresar a la PRTC."*

El 30 de octubre de 2002, emitimos Resolución concediendo el término de treinta (30) días a la Administración para presentar su escrito. El 4 de diciembre de 2002, la Administración presentó su Escrito en Cumplimiento de Resolución.

Contando con la comparecencia de las partes, nos encontramos en posición de resolver. Así lo hacemos.

## II

La Ley Núm. 447, *supra*, estableció el *"Sistema de Retiro de los Empleados del Gobierno de Puerto Rico y sus Instrumentalidades"* y dispuso lo relativo a la administración y participación en dicho sistema. El Artículo 3 de la aludida ley, *supra*, dispone en lo pertinente:

*"...(4) Empresa pública - significará toda instrumentalidad gubernamental de El Pueblo de Puerto Rico, que haya sido creada o que en el futuro se creare. No incluirá, sin embargo, aquellas empresas subsidiarias de instrumentalidades gubernamentales cuyos empleados, a juicio de la Junta de Síndicos del Sistema de Retiro, no tuvieran una clara relación de empleado y patrono con el Gobierno de Puerto Rico. Cualquier funcionario o empleado que fuere participante del Sistema y pasare o hubiere pasado a ser funcionario o empleado de una empresa subsidiaria de cualquier empresa pública sin que haya interrupción en el servicio, continuará con los mismos derechos y privilegios como participante del Sistema; entendiéndose, que la aportación patronal necesaria la hará la empresa subsidiaria de conformidad con las disposiciones de las secs. 761 et seq. de este título....".* 3 L.P.R.A. sec. 763.

Este artículo en su acepción original, excluia de su aplicación a las empresas subsidiarias de empresas públicas. No obstante, la Ley Núm. 26 de 15 de junio de 1965 enmendó la definición de empresa pública contenida en el Artículo 3 de la Ley del Retiro, *supra*, para reconocer el derecho de continuidad en el Sistema a aquellos empleados que se trasladaran a ser empleados de una empresa subsidiaria de una empresa pública, con el propósito de que éstos tuvieran oportunidad de continuar cotizando para el Sistema de Retiro. ■ De esta forma, esos empleados continuarán como participantes del sistema de retiro, con los mismos derechos y privilegios, aun cuando la empresa subsidiaria no sea partícipe. Lo anterior, tendría efecto en caso de que no haya habido interrupción en los servicios prestados.

En tanto, la Ley de Reciprocidad, Ley Núm. 59 de 10 de junio de 1953, establece un plan para garantizar la continuidad de créditos por servicios entre el sistema central y otros sistemas de retiro. A tales efectos, la sección 797 dispone: *"Por la presente, se establece un plan para garantizar la continuidad de créditos por servicios,..., entre el Sistema de Retiro de los Empleados del Gobierno de Puerto Rico y sus Instrumentalidades,...mediante el cual los empleados participantes de esos Sistemas mantengan la continuidad de todos sus derechos por todos los servicios prestados al Estado Libre Asociado de Puerto Rico, sus instrumentalidades y dependencias cubiertas por cualquier sistema de retiro."* 3 L.P.R.A. sec. 797.

En cuanto a la aplicación de la Ley de Reciprocidad, *supra*, su Artículo 3 esboza:

*"Todo empleado que se separe del servicio de un patrono para ingresar en el servicio de otro patrono que*

*mantenga un plan de retiro, según se define en la sec. 798 de este título, será automáticamente miembro de ese sistema, por lo cual no tendrá derecho al reembolso de las aportaciones acumuladas a su favor en el sistema de retiro del cual se separó. Las aportaciones conjuntas y los créditos por servicios acumulados a su favor, según le hayan sido reconocidos al empleado por el sistema al cual pertenecía, serán transferidos al nuevo sistema tan pronto el empleado comience a cotizar al mismo. Dicho sistema le acreditará al empleado los servicios transferidos del sistema o sistemas anteriores....".* 3 L.P.R.A. sec. 799.

El propósito cardinal de la Ley de Reciprocidad, *supra*, entre los sistemas de retiro lo es *"...garantizar la continuidad de créditos por servicios entre los diversos sistemas de retiro de los empleados públicos....".* *Sanfiorenzo v. Adm. Sistemas de Retiro*, 138 D.P.R. 94 (1995), a la pág. 101. De esta forma, se asegura al empleado en esas circunstancias que no perderá ningún derecho adquirido en el sistema, meramente por pasar a cotizar a otro sistema de retiro del gobierno. Precisa señalar que la Ley de Reciprocidad, *supra*, de forma expresa exceptúa a las empresas subsidiarias de instrumentalidades o empresas públicas, de la definición de patrono. ■ Conforme a ello, la PRTC está excluida de *"...la definición de 'patrono' establecida en la Ley de Reciprocidad, y sus empleados están excluidos de recibir sus beneficios."* *Rodríguez v. Aut. de Tel. de P.R.*, 145 D.P.R. 595 (1998), a la pág. 601.

Por otro lado, *"[a]l evaluar la decisión de una agencia, el tribunal debe determinar si ésta actuó de manera arbitraria, ilegal o tan irrazonable que sus actuaciones constituyeron un abuso de discreción."* *Municipio de San Juan v. J.C.A. y otros*, **99 JTS 152**, citando a *Fuertes v. A.R.P.E.*, 134 D.P.R. 947 (1993). Véase, además, *Municipio de San Juan v. Junta de Calidad Ambiental,* **2000 JTS 193**; *T-JAC v. Caguas Centrum Limited,* **99 JTS 60**; *Rivera v. A & C Development Corp.*, 144 D.P.R. 450 (1997); *Agosto v. Fondo del Seguro del Estado*, 132 D.P.R. 866 (1993). Para que el tribunal revisor se encuentre en posición de analizar la determinación tomada por el organismo administrativo, es imprescindible que las agencias acojan determinaciones de hechos y de derecho. ■ Predicado en ello, los tribunales están compelidos a no intervenir con las determinaciones de hechos tomadas por la agencia administrativa de hallarse fundamentadas en prueba que surge del récord administrativo. *Puerto Rico Telephone Company v. Junta Reglamentadora de Telecomunicaciones de Puerto Rico,* **2000 JTS 98**; *Costa Wood, et al. v. Caguas Expressway Motors, Inc.,* **2000 JTS 11**; *Asoc. de Vecinos Hosp. San Jorge v. United Medical Corp., supra; T-JAC, Inc. v. Caguas Centrum, supra; Misión Industrial de P.R. v. J.P. y A.A.A.,* 143 D.P.R. 804 (1997); *Associated Insurance Agencies, Inc. v. Comisionado de Seguros de P.R.,* 144 D.P.R. 425 (1997).

Asimismo, el principio neurálgico a la revisión judicial administrativa lo es el salvaguardar por la corrección las actuaciones administrativas. La intención legislativa ha sido de revestir a las determinaciones realizadas por las agencias, con un velo de corrección y legitimidad. Por ello, es ampliamente conocido que las actuaciones de las agencias administrativas gozan de la mas dilatada deferencia. No obstante, la deferencia no ha de ser óbice para la revisión en aquellos casos donde la misma menoscabe derechos de índole fundamental o sea irrazonable. ■ *Costa Wood, et al. v. Caguas Expressway Motors, Inc., supra. Reinaldo Castillo Camacho v. Dpto. del Trabajo,* **2000 JTS 154**; *Reyes Salcedo v. Policía de P.R.,* 143 D.P.R. 85 (1997); *Murphy Bernabé v. Tribunal Superior*, 103 D.P.R. 692 (1975); *Quevedo Segarra v. J.A.C.L.,* 102 D.P.R. 87 (1974); *Rodríguez v. Comisión Industrial*, 99 D.P.R. 368 (1970); *Román v. Superintendente de la Policía*, 93 D.P.R. 685 (1966).

Con respecto de las determinaciones de derecho, el Tribunal Supremo de Puerto Rico pronunció:

*"Las conclusiones de derecho de la agencia, distinto de las determinaciones de hechos, pueden ser revisadas 'en todos sus aspectos por el tribunal', LPAU, sec. 4.5, 3 L.P.R.A. § 2175 (1992), sin sujeción a norma o criterio alguno. Véase, Miranda v. Comisión Estatal de Elecciones, ante. Esto no significa, sin embargo, que al ejercer su función revisora, el tribunal pueda descartar libremente las conclusiones e interpretaciones de la agencia, sustituyendo el criterio de ésta por el propio. Al contrario, hemos reiterado consistentemente -antes y después de la vigencia de la LPAU- que, de ordinario, los tribunales deben*

*deferencia a las interpretaciones y conclusiones de los organismos administrativos."* Puerto Rico Telephone Company v. Junta Reglamentadora de Telecomunicaciones de Puerto Rico, supra, a la pág.1266. (Citas omitidas)

Acorde a lo anterior, la parte que objete las determinaciones de hechos emitidas por una agencia administrativa deberá acreditar que el organismo actuó de manera arbitraria, caprichosa o en patente menoscabo a derechos fundamentales. *Maisonet v. Fondo del Seguro del Estado*, 142 D.P.R. 194 (1996); *Henríquez v. Consejo de Educación Superior*, 120 D.P.R. 194 (1987).

El criterio rector para los tribunales, será la razonabilidad en la actuación de la agencia recurrida. Así, pues, al realizar su función revisora, el tribunal está compelido a considerar la especialización y experiencia de la agencia sobre las cuestiones que tuviera ante sí. Por tanto, en el descargo de su función deberá caracterizar entre asuntos de discernimiento estatutario o cuestiones de especialización administrativa. No obstante, la deferencia reconocida no equivale a la renuncia de la función revisora del Tribunal en instancias apropiadas y meritorias, como resulta ser cuando el organismo administrativo ha errado en la aplicación de la ley. *Reyes Salcedo v. Policía de P.R., supra; Rodríguez v. Comisión Industrial*; 99 D.P.R. 368 (1970).

Según expuesto en *Adorno Quiles v. Hernández*, 126 D.P.R. 191 (1990), a la pág. 195, *"[...] al evaluar los casos es necesario distinguir entre cuestiones de interpretación estatutaria, en la que los tribunales son especialistas, y cuestiones propias para la discreción o pericia administrativa."* Quiñones v. San Rafael Estates, S.E., 143 D.P.R. 756 (1997); *Alvarez v. Junta de Directores, Con. Villa Caparra*, 140 D.P.R. 763 (1996); *Fuertes v. A.R.P.E., supra.*

Finalmente, el foro judicial podrá sustituir el criterio del organismo administrativo por el propio, sólo en aquellas ocasiones que no encuentre una base racional que fundamente la actuación administrativa. No obstante, es axioma judicial que ante la prueba pericial y documental, el tribunal revisor se encuentra en igual posición que el foro recurrido y, por tanto, está facultado para apreciar la prueba apoyándose en su propio criterio. *Dye-Tex de P.R. v. Royal Ins. Co.*, **2000 JTS 67**; *Rodríguez Roldán v. Municipio de Caguas*, 133 D.P.R. 694 (1993). Veamos.

## III

El pedido de la recurrente estriba en que se le acreditara al sistema de retiro los años que rindió servicios para la PRTC, y así poder acogerse al plan de retiro temprano esbozado por la Ley Núm. 182 de 28 de julio de 1998. Esta solicitud se efectuó diez años después de haber ingresado al Plan de Retiro de la PRTC. En respuesta a ello, la Administración le indicó a la recurrente lo siguiente:

*"[l]os empleados de dicha empresa (PRTC) disfrutan de un plan de retiro privado, el cual es auspiciado en su totalidad por el patrono. Las aportaciones efectuadas por el patrono a un plan de retiro privado, no son transferibles al Sistema de Retiro de los Empleados del Gobierno de Puerto Rico. Por lo antes indicado, no podemos acceder a su petición. No obstante, de reingresar al servicio público con un patrono participante del Sistema, podrá acreditar como servicio los años trabajados en la Puerto Rico Telephone Company."* ■

Ante ello, la Sra. González esgrime que le asiste el derecho a continuidad con el sistema de retiro a base de lo expuesto en el Artículo 3 de la Ley Núm. 447, *supra*. Aduce, además, que su petición fue atendida incorrectamente a base de la Ley de Reciprocidad, *supra*, en vez de la Ley Núm. 447, *supra*. ■ En la Resolución de marras, se expone lo siguiente: *"[l]a apelante renunció a su empleo en la agencia de gobierno para la cual trabajaba y aportaba al Sistema de Retiro. Voluntariamente ingresó al Plan de Pensiones de la PRTC. En aquel momento tuvo la oportunidad de elegir continuar bajo los Sistemas de Retiro, conforme a lo que establece el Artículo 3, de la Ley 447, supra, pero no lo hizo. Ciertamente, hubo una interrupción en la continuidad como participante."* Resolución, pág. 7, folio núm. 7 en Apéndice de autos.

Es indubitado que la recurrente entró a formar parte de la PRTC en 1988. Al así hacerlo, ingresó de forma automática al Plan de Pensión de la referida empresa. No obstante, la recurrente no expresó su deseo de seguir cotizando para el sistema gubernamental. Durante diez años, la Sra. González se mantuvo adscrita al Plan de Retiro de la PRTC. Ello le mereció recibir los beneficios de un plan de retiro subsidiado completamente por el patrono. En la Resolución de autos se indica que *"...no existe documento en el expediente que indique que la apelante solicitó a la PRTC que pagara a la Administración de los Sistemas, las aportaciones para mantenerse bajo el Sistema. La telefónica tampoco hizo aportación patronal a los sistemas a favor de la apelante"*. ■■ Esta afirmación no ha sido contravenida por la parte recurrente.

De hecho, la recurrente no provee explicación alguna que justifique el haber prorrogado por diez años el momento antes de solicitar que las aportaciones patronales se dirigieran al retiro del gobierno. En vista de ello, la Sra. González pretende una interpretación del Artículo 3, de la Ley Núm. 447, *supra*, acomodaticia e impermisible por demás. La posición enarbolada por la recurrente pretende igualmente que, a pesar de haber pertenecido por más de diez años al Plan de Retiro de la PRTC, sin haber objetado el mismo en momento alguno, se le permita el beneficio de acreditación para el retiro gubernamental tal cual si hubiera cotizado para el mismo. Esto resultaría en un beneficio que no es permisible conforme al derecho y su interpretación. La parte recurrente tenía que haber expresado de manera afirmativa su intención de continuar cotizando para el Sistema de Retiro del Gobierno. No es oneroso o irrazonable este requisito, que tendría el efecto de proteger los intereses de las partes envueltas. No procede que transcurrido un tiempo extenso por demás, se pretenda acogerse a un beneficio del cual no es beneficiaria. Distinto sería, si al haber pasado a formar parte del Plan de Retiro de la PRTC, la recurrente hubiera expresado su intención de continuar como beneficiaria del plan del gobierno.

Por último, y como mencionáramos, de conformidad con los preceptos doctrinales de revisión judicial de las decisiones administrativas, le corresponde a la parte inconforme con las determinaciones tomadas por el foro administrativo, probar la existencia en el expediente de prueba adicional que disminuya o desacredite el valor probatorio de la evidencia impugnada. La prueba ofrecida deberá desfavorecer la presunción de que la determinación del organismo administrativo se desprende de la totalidad de la prueba que éste tuvo ante su consideración. *Ramírez v. Departamento de Salud, supra; Chase Manhattan Bank v. Emmanuelli Bauzá*, 111 D.P.R. 708 (1981). En el caso de marras, la parte recurrente no nos ha colocado en posición de revocar las determinaciones de hechos o de derecho realizadas por la agencia.

No empece, se ha enunciado reiteradamente que *"las leyes que versan sobre pensiones de retiro deben interpretarse de forma liberal a favor del beneficiario. Villamil Suárez v. D.T.O.P., 133 D.P.R. 805 (1993); Calderón v. Adm. Sistemas de Retiro, 129 D.P.R. 1020 (1992); Sánchez v. A.S.R.E.G.J., 116 D.P.R. 372 (1985); Acuña v. Junta de Retiro, 58 D.P.R. 94 (1941)...."*. *Sanfiorenzo v. Adm. Sistemas de Retiro, supra*, a la pág. 101. Resulta forzoso concluir que en el caso de autos a la parte recurrente no le asiste la razón. No se cometió el primer error señalado. Por motivo del resultado al cual llegamos, resulta innecesario atender el resto de los señalamientos de errores.

## IV

Por los fundamentos anteriormente expresados, se expide el auto de Revisión y se confirma la Resolución recurrida.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

## ESCOLIOS 2003 DTA 76

**1.** La recurrente rindió servicios en la Corporación de Renovación Urbana y de Vivienda (CRUV).

**2.** El Plan de Retiro de la PRTC se conduce por las disposiciones del Employment Retirement Income Security Act (ERISA), 29 USCA §1001 *et seq.*

**3.** El 30 de junio de 1998, la PRTC emitió su certificación sobre años de servicio de la recurrente. Este cómputo, en conjunción a los años en que ésta prestó labores al servicio público, le permitirían acogerse al retiro temprano.

**4.** Diario de Sesiones de la Asamblea Legislativa, 1965, Vol. XIX, Núm. 97, a la pág. 1779.

**5.** 3 L.P.R.A. sec. 798.

**6.** *"[E]ntre los objetivos que se persigue para que los foros administrativos emitan determinaciones de hechos y conclusiones de derecho, podemos enumerar los siguientes: (1) proporcionar a los tribunales la oportunidad de revisar adecuadamente la decisión administrativa y facilitar esta tarea; (2) fomentar que la agencia adopte una decisión cuidadosa y razonada dentro de los parámetros de su autoridad y discreción; (3) ayudar a la parte afectada a entender porqué el organismo administrativo decidió como lo hizo, y al estar mejor informada, poder decidir si acude al foro judicial o acata la determinación; (4) promover la uniformidad intraagencial, en particular cuando el proceso decisorio institucional es adoptado por distintos miembros de un comité especial a quienes les está encomendado celebrar vistas y recibir la prueba; y (5) evitar que los tribunales se apropien en funciones que corresponden propiamente a las agencias administrativas bajo el concepto de especialización y destreza."* Rivera Santiago v. Srio. de Hacienda, 119 D.P.R. 265, 276-278 (1987) según citado en *Municipio de San Juan v. J.C.A. y otros, supra,* a la pág. 126.

**7.** *"No empece esta deferencia, la interpretación de la agencia no merece deferencia si la misma afecta derechos fundamentales, resultare irrazonable, o conduce a la comisión de injusticias. Comisionado de Seguros de Puerto Rico v. Antilles Insurance Company, res. el 2 de abril de 1998,* **98 JTS 38.***"* Según citado en *Costa Wood, et al. v. Caguas Expressway Motors, Inc., supra,* a la pág. 489.

**8.** Véase, comunicación de 12 de marzo de 1999, folio núm. 31 en Apéndice de autos.

**9.** En adición, señala que el caso de autos presenta idénticas circunstancias que el caso de *Berríos Vázquez v. Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura,* KLRA-2000-00494. No tiene razón. A pesar de que despuntan ciertos hechos afines entre los mismos, lo cierto es que hay diferencias abismales entre éstos. En el caso señalado, el recurrente evidenció y así fue reconocido, que solicitó de forma oportuna y evidente su deseo de seguir cotizando para el Sistema de Retiro del gobierno. Ello, es un hecho de singular importancia, pues manifiesta su intención incuestionable de pertenecer al plan de retiro del gobierno desde que inició en la PRTC. En el caso que nos ocupa, sin embargo, destaca que la recurrente no hizo manifestación alguna, sino hasta diez años de haber entrado al plan de retiro de la PRTC.

**10.** Véase, *Resolución,* pág. 7, en Apéndice en autos.