Carlos P. Villamil Suárez, demandante y peticionario, *v.* Departamento de Transportación y Obras Públicas, demandado y recurrido.

Número: CE-88-649          Resuelto: 30 de junio de 1993

*Faustino Aponte Parés*, abogado del peticionario; *Rafael Ortiz Carrión, Procurador General, Awilda Irizarry Pardo* y *Miriam Álvarez Archilla, Procuradoras Generales Auxiliares*, abogados del recurrido.

El Juez Presidente Señor Andréu García emitió la opinión del Tribunal.

El peticionario recurre de la sentencia dictada por el Tribunal Superior que denegó la expedición del auto para revisar una resolución emitida por la Junta de Apelaciones del Sistema de Administración de Personal (J.A.S.A.P.) al efecto de que el diferencial en sueldo concedido a un empleado como medida de reclutamiento no forma parte de su

sueldo o retribución mensual y, por lo tanto, no está sujeto a deducción a los fines de las aportaciones al Sistema de Retiro de los Empleados del Gobierno de Puerto Rico y sus Instrumentalidades (Sistema de Retiro). Alegó ante J.A.S.A.P. que tal determinación le priva de los beneficios proporcionales que por pensión le correspondería a base de dicho diferencial, a pesar de que el mismo fue incluido en el cómputo de las deducciones hechas por su patrono, Departamento de Transportación y Obras Públicas, durante el curso de diez (10) años por concepto de aportaciones al Sistema de Retiro. Veamos los hechos que desembocaron en esta contienda legal.

## I

Allá para el 2 de julio de 1975, el Secretario de Transportación y Obras Públicas (el Secretario) reclutó al Sr. Carlos Villamil Suárez como Director Ejecutivo III con un sueldo mensual de $1,180, cuantía que incluía *dos (2) pasos* sobre el sueldo básico establecido para dicha posición. El Secretario obtuvo la autorización de la Oficina de Personal del Gobierno para este diferencial de dos (2) pasos debido a la experiencia del señor Villamil y a la naturaleza y complejidad del trabajo que hacían de la posición una de difícil reclutamiento.

Transcurridos cerca de diez (10) años desde que se le extendió el nombramiento, el señor Villamil comenzó a tramitar su retiro. Fue entonces informado por el Secretario, mediante carta al efecto, que el mencionado diferencial de $100 no constituía retribución para fines del Sistema de Retiro. Es decir, que la suma que correspondía a los dos (2) pasos que originalmente se le concedieron como diferencial al momento de su nombramiento, no estaba sujeta a las aportaciones del Sistema de Retiro. Por consiguiente, se le manifestó al peticionario que no habría de disfrutar de los beneficios de retiro en cuanto a esa porción de su salario.

A tenor con dicho señalamiento, el peticionario comenzó a recibir dos (2) cheques; uno por la cantidad de $100 no sujeto a contribución al Sistema de Retiro y otro por la cantidad de lo que en realidad, según el Secretario, constituía su retribución a los fines de la Ley del Sistema de Retiro de los Empleados del Gobierno y la Judicatura, Ley Núm. 447 de 15 de mayo de 1951 (3 L.P.R.A. sec. 761 *et seq.*).

El peticionario apeló de la decisión del Secretario ante J.A.S.A.P., la cual sostuvo la determinación del Secretario no sin antes apercibir al señor Villamil del derecho que tenía de solicitar al Sistema de Retiro la devolución de las aportaciones en exceso que le fueron retenidas a través de los años. Posteriormente, J.A.S.A.P. denegó la moción de reconsideración presentada por el peticionario.

Así las cosas, el señor Villamil recurrió de dicha decisión administrativa ante el Tribunal Superior. Dicho tribunal se negó a revisarla.

No conforme con dicha actuación, el peticionario acude ante nos y aduce la comisión de tres (3) errores. En síntesis, el peticionario señala que el importe de los dos (2) pasos que le fueron concedidos como diferencial al momento de su reclutamiento forman parte de su retribución a los fines de la Ley del Sistema de Retiro de los Empleados del Gobierno y la Judicatura.

A la luz de los fundamentos contenidos en la petición, concedimos un término a la parte recurrida para que mostrara causa por la cual no debamos dejar sin efecto la sentencia que denegó la revisión solicitada. En específico, ordenamos a dicha parte que ilustre al Tribunal sobre el fundamento para la interpretación de que *la concesión de dos (2) pasos como medida de reclutamiento, a tenor con la Ley de Retribución Uniforme de 1974*, Ley Núm. 111 de 14 de julio de 1974 (3 L.P.R.A. ants. secs. 759–759m) *constituye una bonificación adicional al salario que no deba interpretarse como retribución a los fines de la Ley del Sis-*

*tema de Retiro de los Empleados del Gobierno y la Judicatura.* La parte recurrida ha comparecido. Resolvemos según lo intimado.

## II

■ Mediante la aprobación de la Ley de Retribución Uniforme de 1974,(¹) la Legislatura estableció unas escalas de sueldos a ser asignadas por el Director de la Oficina de Personal del Gobierno a las clases de puestos incluidas en un programa de clasificación, el cual agruparía los puestos gubernamentales tanto del Servicio por Oposición como del Servicio sin Oposición, de acuerdo con sus deberes y responsabilidades. Ley Núm. 345 de 12 de mayo de 1947 (3 L.P.R.A. ant. sec. 650).(²)

■ En lo que concierne a los nombramientos originales, es decir, a personas que van a ser nombradas por vez primera, la Ley de Retribución Uniforme de 1974 dispuso que, como regla general, dichas personas recibirán el "tipo mínimo [dispuesto en la escala salarial] fijado para la clase a que esté asignado su puesto". 3 L.P.R.A. sec. 759*l* (Sup. 1975). Sin embargo, en lo pertinente al caso de autos, dicho estatuto dispone que cuando "las condiciones de trabajo lo justifiquen, o las *dificultades extraordinarias en el reclutamiento* y/o la retención de personal para determinados

---

(¹) La Ley de Retribución Uniforme de 1974, Ley Núm. 111 de 14 de julio de 1974 (3 L.P.R.A. ants. secs. 759–759m) fue posteriormente derogada por la Ley de Retribución Uniforme de 1979, Ley Núm. 89 de 12 de julio de 1979 (3 L.P.R.A. sec. 760 et seq.). La contratación del señor peticionario ocurrió el 2 de julio de 1975, por lo que utilizaremos las disposiciones de la Ley de Retribución Uniforme de 1974 para la resolución del caso de autos, ya que fue a base de dicha ley que se concedieron los dos (2) pasos.

(²) Posteriormente, la Legislatura derogó la Ley Núm. 345 de 12 de mayo de 1947 (3 L.P.R.A. ant. sec. 650), reemplazándola por la Ley de Personal de Servicio Público de Puerto Rico, 3 L.P.R.A. sec. 1301 *et seq.*, la cuál también le confirió al Director de la Oficina de Personal la autoridad para crear un esquema de clasificación de puestos que, aunque más específico, atenta contra la consecución de los mismos objetivos a que el legislador aspiraba bajo la antigua Ley de Personal. 3 L.P.R.A. sec. 1332.

puestos justifiquen el uso de incentivos adicionales, se podrá autorizar un *diferencial en sueldo* fuera de la escala" según lo establezca el Director de la Oficina de Personal mediante reglamento. 3 L.P.R.A. sec. 759*l*. El llamado *diferencial*, según establece la propia ley, corresponde a una *compensación especial.*([3])

Surge claramente de los hechos que al señor Villamil se le reclutó con un diferencial de *sueldo* como medida de *reclutamiento* según autoriza la Ley de Retribución Uniforme de 1974. Nos corresponde ahora determinar si dicho diferencial debe ser considerado como una retribución para fines de los beneficios que otorga la Ley del Sistema de Retiro de los Empleados del Gobierno y la Judicatura.

## III

■ La Ley del Sistema de Retiro de los Empleados del Gobierno y la Judicatura, según enmendada, es una ley general que provee beneficios de retiro a la vasta mayoría de los empleados que laboran con el Gobierno estatal. Dicha ley cobija al peticionario. 3 L.P.R.A. sec. 761 *et seq.*([4]) *Calderón v. Adm. Sistemas de Retiro*, 129 D.P.R. 1020 (1992).

■ Los beneficios que concede dicha ley dependen de la retribución o sueldo que devenguen los empleados públicos. Para efectos de la ley, el término "retribución" comprende "la recompensa bruta y en efectivo que

---

([3]) El Reglamento para la Retribución de los Empleados del Gobierno, aprobado el 7 de agosto de 1972, dispone, en lo pertinente, que la autorización para reclutar y retener sobre el sueldo mínimo es para determinados puestos en situaciones especiales. *Dicha autorización quedará sin efecto cuando el empleado pase a ocupar otro puesto en el que no existan las condiciones especiales que motivaron la autorización.*

([4]) Su aplicación es discrecional solamente para los Secretarios del Gobierno, los ayudantes del Gobernador, los jefes de agencia e instrumentalidades públicas, los miembros de las Comisiones y Juntas nombradas por el Gobernador y los miembros de la Asamblea Legislativa. 3 L.P.R.A. sec. 761 *et seq. Calderón v. Adm. Sistemas de Retiro*, 129 D.P.R. 1020 (1992).

devengu[e] un empleado. Al computar la retribución, se excluirá *toda bonificación* concedida en adición al salario, así como todo pago por concepto de horas extraordinarias de trabajo". (Énfasis suplido.) 3 L.P.R.A. sec. 763. Por lo tanto, es crucial a esta controversia determinar si el referido diferencial constituye una "bonificación", según este término se emplea dentro de la anterior definición de "retribución". Para ello debemos examinar no sólo la legislación aquí en controversia, sino cualquier ley *in pari materia*, ya que las leyes que tratan una misma materia "deben ser interpretadas refiriendo las unas a las otras, por cuanto lo que es claro en uno de sus preceptos pueda ser tomado para explicar lo que resulte dudoso en otro". Art. 18 del Código Civil, 31 L.P.R.A. sec. 18. Véanse: *Asoc. Médica de P.R. v. Cruz Azul*, 118 D.P.R. 669 (1987); *Morales v. Adm. Sistemas de Retiro*, 123 D.P.R. 589 (1989). Así podremos descubrir el hilo conductor que une a los diversos estatutos.

La bonificación es un pago *adicional al salario corriente* en un plan de incentivos por asistencia o por *ciertas clases* de trabajo. M. Méndez Ballester, *Vocabulario Obrero Patronal*, Departamento del Trabajo, 13–14, Junio, 1962. Dichas indemnizaciones accesorias han sido usualmente concedidas por el trabajo adicional realizado, por la dificultad o por los riesgos que conlleva una asignación *temporera* dentro del trabajo regular del empleado, 18 L.P.R.A. sec. 309g; 18 L.P.R.A. sec. 667; 25 L.P.R.A. sec. 1011(c), y finalmente, por imperativos de política pública que surgieron de forma *pasajera* en determinado momento, 3 L.P.R.A. sec. 757.

Vemos, pues, que las bonificaciones que han sido concedidas mediante los citados estatutos tienen la característica en común de que se tratan de *compensaciones adicionales no recurrentes y temporales*. Precisamente, lo que distingue a la bonificación del salario regular es que la primera constituye un pago adicional que surge por circunstancias transitorias e imprevistas que tarde o tem-

prano desaparecen. Por consiguiente, el empleado es consciente de la naturaleza pasajera de la misma. En cambio, el salario regular corresponde a la remuneración que recibe un empleado como consecuencia de sus labores rutinarias, por lo que el mismo tiene visos de permanencia.

## IV

El diferencial en sueldo que dispone la Ley de Retribución Uniforme puede ser otorgado por varias razones. Algunos factores responden a situaciones temporeras que se podrían suscitar durante el curso del empleo. Otros, en cambio, tienen un aspecto de *permanencia*. Véase 3 L.P.R.A. sec. 759*l*.

En el caso de autos, el diferencial se concedió por motivo de *reclutamiento*. Este diferencial era de carácter permanente; ofrecido al empleado como parte de su sueldo o retribución con el propósito de inducirle a aceptar una posición para la cual estaba especialmente capacitado. Dicho sueldo o retribución no respondía, pues, a circunstancias particulares que eventualmente desaparecerían.

En innumerables ocasiones hemos señalado que las leyes que crean los derechos a disfrutar de una pensión deben ser interpretadas liberalmente y que la fuerza y el efecto de dichas leyes no deben conformarse estrictamente a los términos literales del estatuto. *Acuña v. Junta de Retiro*, 58 D.P.R. 94, 100 (1941); *Miró v. Sistemas de Retiro de Empleados*, 112 D.P.R. 678 (1982); *Morales v. Adm. de Sistemas de Retiro*, supra.

Cónsono con dicha política judicial, resolvemos que los dos (2) pasos concedidos originalmente al peticionario como diferencial en sueldo para obtener su reclutamiento son parte de su retribución a los fines de la Ley del Sistema de Retiro de los Empleados del Gobierno y la Judicatura.

Por los fundamentos antes expuestos, *se expedirá el auto solicitado y se dictará sentencia conforme a lo resuelto.*

El Juez Asociado Señor Fuster Berlingeri concurrió con el resultado sin opinión escrita.