*679 TEXTO COMPLETO DE LA RESOLUCION
El Sr. Carlos Vélez Miranda presentó recurso de apelación en solicitud de la revocación de la resolución de la Junta de Apelaciones del Sistema de Administración de Personal (J.A.S.A.P.) que declaró sin lugar la apelación que presentó ante dicho organismo. Mediante dicha resolución, J.A.S.A.P confirmó la determinación del Departamento de Hacienda en relación con dos diferenciales en sueldo otorgados al recurrente por dificultad en el reclutamiento y por condiciones extraordinarias en el empleo. Conforme la resolución, sólo el primero cualificaba para el descuento de la aportación al Sistema de Retiro de Empleados del Estado Libre Asociado (Sistema de Retiro).
Plantea el señor Vélez Miranda que erró J.A.S.A.P. en su interpretación y aplicación restrictiva de la norma jurisprudencial sobre diferenciales en sueldo al determinar lo que se considera una retribución permanente en su caso. También que erró al disponer que carecía de jurisdicción para adjudicar la controversia sobre la cuantía del diferencial y que no le asistía la razón en el planteamiento y al no resolver la controversia sobre la retroactividad del diferencial.
Consideradas las posiciones de las partes, el expediente y el derecho aplicable, procede denegar el recurso solicitado.
I
Los hechos principales en los que se basa la controversia, según el expediente, consisten en los siguientes. Para el mes de julio de 1991, el señor Vélez Miranda fue trasladado del Departamento de Justicia al Departamento de Hacienda. En el Departamento de Justicia ocupaba el puesto de Agente Especial III, dirigiendo la Unidad de Confiscaciones del Negociado de Investigaciones Especiales. En el Departamento de Hacienda pasó a ocupar el puesto de Agente Especial Fiscal en la Unidad de Evasión Contributiva de la División de Inteligencia e Investigaciones Especiales. Con el traslado, mantuvo su sueldo de $2,445.00 mensuales y recibió dos pasos en la escala retributiva por dificultad en el reclutamiento, los cuales ascendían a $118.00 mensuales. De este diferencial, se efectuó el descuento para el Sistema de Retiro.
En julio de 1994, y en virtud del nuevo Plan de Clasificación y Retribución del Departamento de Hacienda, el señor Vélez Miranda fue clasificado como Agente Fiscal V, devengando un sueldo mensual de $2,645.00. El diferencial por reclutamiento fue ajustado a $117.00. El 8 de diciembre de 1994, como resultado de la solicitud del Secretario Auxiliar de Apelaciones Administrativas, el recurrente fue transferido en destaque para realizar las funciones de oficial examinador. El Secretario Auxiliar recomendó que se le concediera un diferencial debido a que se requería trabajar fuera de horas laborables y realizar otras tareas especiales. El diferencial sobre el destaque fue aprobado efectivo el 10 de mayo de 1996. A partir de esa fecha, recibió, además de su sueldo, $525.00 en concepto del diferencial inicial de $117.00 concedido por dificultad en el reclutamiento, más $408.00 por condiciones extraordinarias. El recurrente fue advertido por la agencia que disfrutaría del diferencial de $408.00 mientras persistieran las condiciones extraordinarias. Apéndice del recurso, pág. 13. De este último no se efectuaron deducciones para el Sistema de Retiro.
*680 En junio de 1996, el señor Vélez Miranda solicitó al Secretario de Hacienda que el diferencial por las funciones de oficial examinador fuera retroactivo al 8 de diciembre de 1994, fecha en que fue efectíyp §1 destaque y que se descontaran las aportaciones para el Sistema de Retiro. Apéndice del recurso, pág, 18,. Esa solicitud fue denegada, bajo el fundamento de que el aumento en el diferencial se concedió por condiciones extraordinarias de trabajo, lo que no conlleva aportación para el Sistema de Retiro. Además, porque su solicitud de ascenso a oficial examinador no procedía por no reunir los requisitos mínimos para el puesto. Apéndice del recurso, pág. 12.
El señor Vélez Miranda apeló ante J.A.S.A.P. Solicitó que el diferencial por el destaque fuera retroactivo al 8 de diciembre de 1994, y que el descuento de la aportación para el Sistema de Retiro se hiciera sobre el monto total del diferencial. Luego de celebrar vista, J.A.S.A.P. declaró sin lugar la apelación. Determinó que de los dos diferenciales otorgados al recurrente, solamente el referente a dificultad en el reclutamiento cualificaba para los efectos del retiro, no así el otorgado por condiciones extraordinarias. Señaló, además, que al momento de otorgarle el diferencial por condiciones extraordinarias, el señor Vélez Miranda fue apercibido de que éste quedaba vigente mientras persistieran esas condiciones. En relación con el planteamiento del recurrente surgido durante el trámite apelativo sobre el cálculo de la cuantía del diferencial, J.A.S.A.P. determinó que no tenía jurisdicción para evaluarlo a esa etapa, que la cuantía nunca fue impugnada ante la agencia, y que no tenía razón el recurrente en los méritos.
Inconforme, el señor Vélez Miranda nos solicita en el recurso de revisión que revoquemos la resolución de J.A.S.A.P., a los fines de que se reconozca el diferencial total como retribución para los efectos del Sistema de Retiro, se le conceda el pago del diferencial por el destaque retroactivo al 8 de diciembre de 1994 y que se corrija el cómputo del diferencial ordenando su pago retroactivo. No procede lo solicitado.
II
Para el examen de los planteamientos del recurso, debemos considerar la naturaleza de la concesión de diferenciales y su relación con el monto del sueldo para los efectos de la pensión por retiro.
La Ley de Retribución Uniforme, Ley Núm. 89 del 12 de julio de 1979, según enmendada, 3 L.P.R.A. sees. 760 y ss., fija la política pública general aplicable a todo el sistema de personal en cuanto a los principios d.@ retribución salarial y de clasificación de empleados públicos. Establece como política que los empleados del servicio público reciban un tratamiento equitativo y justo en la fijación de sueldos y otras formas de retribución. 3 L.P.R.A. sec. 760a. Dicha ley visualiza la creación de mecanismos que propendan y faciliten el reclutamiento y retención de personal mediante la concesión de incentivos adicionales, tales como la concesión de diferenciales fuera de la escala. 3 L.P.R.A. see. 760 (f); Exposición de Motivos, Ley Núm. 89, supra; Ortiz Ortiz v. Dpto. de Hacienda, 120 D.P.R. 216, 221 (1997).
El artículo 7 inciso (1) de la Ley de Retribución Uniforme, 3 L.P.R.A. sec. 760(f), dispone la naturaleza de los diferenciales en los siguientes términos:

“(1) Diferenciales- Como norma general, toda persona que reciba nombramiento percibirá como sueldo el tipo mínimo de la correspondiente escala. La Oficina, en el caso de la Administración Central, y los administradores individuales podrán autorizar la concesión de sueldos diferenciales cuando la ubicación geográfica del puesto, las condiciones extraordinarias de trabajo, los conocimientos especiales requeridos o ja dificultad extraordinaria para el reclutamiento y retención de personal en determinados puestos justifique el uso de incentivos adicionales al sueldo ordinario. El diferencial constituirá una compensación especial, adicional y separada del sueldo regular, que se eliminará cuando desaparezcan las circunstancias que justificaron su concesión... ”.

La naturaleza temporal o permanente del diferencial es determinante a los fines de resolver si es o no parte de la retribución que se calcula para la pensión gubernamental. La Ley de Retiro de los Empleados del *681 Gobierno y la Judicatura, Ley Núm. 447 del 15 de mayo de 1951, según enmendada, 3 L.P.R.A. sees. 761 y ss., provee beneficios de retiro que dependen de la retribución o sueldo que devenguen los empleados públicos. Para efectos de la ley, el término retribución comprende la recompensa bruta y en efectivo que devengue un empleado. Al computar la retribución, se excluirá toda bonificación concedida adicional al salario, así como todo pago por concepto de horas extraordinarias de trabajo. 3 L.P.R.A. see. 763. El resultado de ese cálculo determinará el monto de lo que tiene derecho un empleado al momento del retiro.
El Tribunal Supremo pasó juicio sobre si un diferencial constituye una bonificación, según ésta se contempla en la definición de retribución de la ley. Luego de efectuar ese análisis, dicho Tribunal consideró la naturaleza temporera o permanente de los diferenciales otorgados a los empleados públicos mediante la Ley de Retribución Uniforme y su impacto en el cómputo de la pensión. Resolvió que el diferencial concedido por motivo de dificultad en el reclutamiento y ofrecido al empleado como retribución con el propósito de inducirle a aceptar una posición para la cual estaba especialmente capacitado, es de carácter permanente. Tal retribución no responde a circunstancias particulares que eventualmente desaparecen. Como tal, es parte del sueldo y debe considerarse para propósitos del descuento y cómputo del retiro. Por otra parte, el diferencial otorgado por circunstancias especiales cuyo propósito es compensar el esfuerzo especial del empleado en situaciones transitorias y particulares está destinado a desaparecer, una vez terminen las condiciones que lo motivan. Por no ser una retribución permanente, no se considera parte del sueldo y no puede tomarse en consideración para propósitos de los descuentos para retiro. Villamil Suárez v. Dpto. de Transportación, 133 D.P.R. 805 (1993).
J.A.S.A.P. no erró al interpretar y aplicar a este caso la norma jurisprudencial sentada en Villamil Suárez v. Depto. de Transportación, supra. El señor Vélez Miranda recibió dos tipos de diferenciales. El primero de ellos se produjo como incentivo para que aceptara el puesto en traslado al Departamento de Hacienda. Quedó claro que su motivo fue la dificultad en el reclutamiento de personal para esa posición. Por ser una retribución permanente, correctamente la agencia realizó los descuentos para propósitos del retiro. El segundo diferencial le fue concedido al ser destacado al área de Apelaciones Administrativas por circunstancias extraordinarias, que desempeñaría en sus tareas como oficial examinador. Estas consistirían en trabajar fuera de horas laborables, realizar inspecciones oculares de los casos de arbitrios y otras tareas especiales. Apéndice del recurso, pág. 16. En la comunicación aprobando este diferencial, se hizo claro que lo disfrutaría mientras prevalecieran las condiciones que le dieron base. De desaparecer esas condiciones, se eliminaría el diferencial. Apéndice del recurso, pág. 13. En el informe de cambio quedó también consignado el carácter temporero del diferencial. Apéndice del recurso, pág. 34. Por tanto, en virtud del carácter de bonificación temporera por destaque, otorgada claramente por circunstancias extraordinarias, no correspondía considerarlo como retribución y hacer el descuento para los efectos del retiro. La decisión de J.A.S.A.P. está respaldada en el expediente, es cónsona con lo resuelto en Villamil Suárez v. Dpto. de Transportación, supra, y con lo dispuesto en la ley.
El Departamento de Hacienda nos señala que el diferencial por destaque no procedía porque el recurrente no cumplía con los requisitos mínimos del puesto al que fue destacado, así como porque no ocurrieron las circunstancias extraordinarias que motivaron ese diferencial. Aunque ese señalamiento encuentra apoyo en el expediente, no tiene consecuencias para los efectos de la decisión en este caso, aunque abona al carácter temporero del diferencial.
El señor Vélez Miranda alega que el diferencial por destaque debió ser retroactivo a la fecha de 8 de diciembre de 1994, cuando se aprobó. No tiene razón. El Reglamento de Retribución Uniforme de 1984 dispone en su sección 4.8, inciso 11 que: "Como norma general, los diferenciales tendrán carácter prospectivo". La transferencia o destaque fue aprobada el 8 de diciembre de 1994, bajo el fundamento de circunstancias extraordinarias, las que no se dieron. El 10 de mayo de 1996 se hizo efectivo el diferencial por destaque. No hay base alguna en el expediente que sustente que ese diferencial tenía que concederse al momento del destaque, sobre todo cuando los motivos que le dieron base no estaban presentes en ese momento.
Finalmente, consideramos la alegación de que erró J.A.S.A.P. al declararse sin jurisdicción para resolver la *682 controversia sobre la cuantía del diferencial y señalar que en los méritos el recurrente no tiene razón. Esa alegación, planteada por primera vez en el informe de conferencia antes de la vísta administrativa, se amparó en que el monto de los diferenciales procedía calcularlos a base del salario real devengado y no del salario básicQ.
J.A.S.A.P. se declaró sin jurisdicción respecto a lo anterior debido a que los diferenciales fueron otorgados en 1991 y 1996 y el señor Vélez Miranda no impugnó oportunamente su cuantía, ni presentó tal planteamiento en momento alguno ante el Departamento de Hacienda. J.A.S.A.P. no erró, puesto que como organismo apelativo, no le compete entender en asuntos sobre los cuales la agencia nominadora no ha tomado determinación. En tales circunstancias, la consideración de ese planteamiento sería prematuro. En cuanto al señalamiento sobre lo expresado por J.A. S.A. P. sobre la improcedencia en los méritos de la referida alegación, surge claro de la resolución que sus expresiones fueron emitidas únicamente para efectos argumentativos, toda vez que no tenía jurisdicción. No tenemos que considerar, por tanto, el planteamiento sobre la cuantía.
III
Está claramente establecido que las decisiones administrativas serán sostenidas por el tribunal si se basan en el expediente y en el derecho. Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. see. 2175. Los procedimientos y las decisiones de un organismo administrativo tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que la impugne no produzca evidencia para derrotarla, o demuestre arbitrariedad o abuso de discreción. En este caso, el expediente y el derecho sustentan la resolución de J.A.S.A.P. y no tenemos razón para intervenir con su decisión.
En virtud de todo lo anterior, se deniega la expedición del recurso.
Lo acordó el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIO 2001 DTA 25
1. Este planteamiento se trajo a colación por primera vez en el Informe de Conferencia con Antelación a Vista. Apéndice del recurso, pág. 57.