ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ARAMIS MARTÍNEZ MATOS, Recurrida, v. AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO, Recurrente. | KLRA201700304 | REVISIÓN procedente de la Junta de Apelaciones de la Autoridad de Carreteras y Transportación de Puerto Rico. Caso administrativo núm.: 2012-ACT-008. |
|---|---|---|

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Grana Martínez y la jueza Romero García.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 10 de octubre de 2024.

La Autoridad de Carreteras y Transportación de Puerto Rico (ACT o recurrente) instó este recurso el 7 de abril de 2017. Nos solicita la revisión de la *Resolución Final* emitida por la Junta de Apelaciones de la ACT (Junta de Apelaciones) el 30 de enero de 2017. Mediante esta, la Junta de Apelaciones concluyó que la ACT debía someter a la Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura (ASR) la aportación patronal correspondiente al ingreso devengado por el señor Aramis Martínez Matos (señor Martínez Matos o recurrido) por concepto de un diferencial por interinato.

Tras la evaluación de la totalidad del expediente, las sendas posturas de las partes comparecientes y el derecho aplicable, revocamos la *Resolución Final* recurrida.

I

Conforme surge del expediente, el señor Martínez Matos fue empleado de la ACT hasta el 31 de diciembre de 2008, cuando se acogió a la jubilación. Previo a ello, específicamente durante el 30 de mayo de 2006, al 9 de marzo de 2008, ocupó de manera interina el puesto de jefe de la

Número identificador

SEN2024 _____

Oficina de Sistemas Viales del Área de Programación y Estudios Especiales de la ACT. Luego, a partir del 10 de marzo de 2008, fue nombrado al puesto en propiedad.

El 10 de octubre de 2008, la Directora Interina de Recursos Humanos de la ACT, la señora Carmen Z. Díaz Soto (señora Díaz Soto) emitió un informe relacionado a una petición incoada por el señor Martínez Matos[1]. Surge del informe que el recurrido solicitó, por medio de una misiva, la convalidación del diferencial que había recibido durante su interinato, así como que la ACT llevara a cabo la aportación patronal correspondiente a la ASR. Tras evaluar la petición al amparo de las disposiciones legales aplicables, la señora Díaz Soto concluyó que la misma no podía ser procesada. Explicó que el diferencial otorgado por concepto del interinato se había debido a una situación temporera, y que los únicos diferenciales por los que el patrono venía obligado a realizar la aportación patronal a la ASR eran aquellos con visos de permanencia.

El referido informe fue firmado y aprobado por el entonces director ejecutivo de la ACT, el señor Luis M. Trinidad Garay (director ejecutivo).

Inconforme con la determinación, el 30 de diciembre de 2008, el señor Martínez Matos solicitó la reconsideración al director ejecutivo[2]. En su escrito, el recurrido hizo alusión a una reunión celebrada el 10 de diciembre de 2008[3]. Sostuvo que, durante esta, había expuesto las razones por las cuales entendía que el interinato tenía visos de permanencia. Añadió que, con relación a ello, el licenciado Carmelo Guzmán Géigel y el señor Enrique Rosa coincidieron en que la posición que había ocupado el señor Martínez Matos en carácter de interinato gozaba de visos de permanencia.

Además, consignó que, a raíz de su solicitud, el director ejecutivo había impartido instrucciones a la señora Díaz Soto para que llevara a cabo

---

[1] *Véase*, apéndice del recurso, a las págs. 60-62.

[2] *Íd.*, a las págs. 63-64.

[3] Según surge del escrito, en la referida reunión estuvieron presentes el señor Martínez Matos; el director ejecutivo de la ACT; el licenciado Carmelo Guzmán Géigel, asesor de la ACT en asuntos laborales; el señor Enrique Rosa, asesor de recursos humanos del Departamento de Transportación y Obras Públicas (DTOP) y de la ACT en el Comité de Apelaciones; y la señora Díaz Soto.

las gestiones correspondientes y se reconociera que el interinato en cuestión tenía visos de permanencia. No obstante, el señor Martínez Matos sostuvo que, con posterioridad a la reunión, recibió comunicaciones en las que se le indicaba que la señora Díaz Soto se mantenía en su postura inicial. Es decir, su petición no podía procesarse. A esos efectos, el recurrido solicitó nuevamente la intervención del director ejecutivo.

Destacamos que, al final de la reconsideración inicial, el señor Martínez Matos incluyó un espacio para la firma del director ejecutivo, encabezado con la palabra "Aprobado". El mismo 30 de diciembre de 2008, el director ejecutivo plasmó su firma en el espacio provisto, acompañada de la siguiente nota: "Aprobado [*sic*] de acuerdo a las recomendaciones que hizo el Lic. Carmelo Guzmán Geigel en reunión del 12/10/08"[4].

En vista de ello, el 13 de enero de 2009, el señor Martínez Matos solicitó al director interino de recursos humanos de la ACT que se diera cumplimiento a la determinación del director ejecutivo[5]. En ausencia de respuesta, el 29 de abril de 2009, el recurrido remitió un correo electrónico al ingeniero Ferdinand Cedeño, ayudante especial del nuevo director ejecutivo de la ACT, por medio del cual insistió con su petición[6]. Sin embargo, la misma no fue respondida. En un tercer intento, el 22 de mayo de 2009, el recurrido envió una misiva al nuevo director ejecutivo de la ACT, el señor Rubén Hernández, a los fines de que ordenara el cumplimiento de la determinación en cuestión[7]. No obstante, tampoco recibió respuesta.

Ante dicho escenario, el señor Martínez Matos acudió al Tribunal de Primera Instancia, en el caso civil núm. KAC200901117. Tras varios trámites procesales, el foro primario emitió una sentencia sumaria mediante la cual desestimó la causa de acción del recurrido. Ello, luego de concluir que el diferencial que había recibido durante el interinato no podía utilizarse

---

[4] *Véase*, apéndice del recurso, a la pág. 64.

[5] *Íd.*, a la pág. 65.

[6] *Íd.*, a las págs. 66-68.

[7] *Íd.*, a las págs. 69-70.

para el cálculo de la pensión que recibiría. Insatsfecho, el señor Martínez Matos recurrió ante este Tribunal de Apelaciones, mediante la apelación KLAN201101581. En esta ocasión, un panel hermano declaró nulo el dictamen del tribunal primario por haberse emitido sin jurisdicción. En particular, el panel concluyó que el foro adecuado para atender la controversia era la Junta de Apelaciones de la ACT.

Así las cosas, el 28 de marzo de 2012, el señor Martínez Matos presentó la apelación correspondiente ante la Junta de Apelaciones. A grandes rasgos, solicitó una vez más que se ordenara a la recurrente llevar a cabo el pago de la aportación por concepto del diferencial a la ASR.

El 10 de diciembre de 2015, se celebró la vista en su fondo. Allí, las partes del título presentaron un escrito en el que acordaron varias estipulaciones. Además, acordaron que la controversia se resolviera a base de memorandos de derecho. Así pues, tanto el señor Martínez Matos como la ACT remitieron sus memorandos de derecho el 5 de febrero de 2016, y el 19 de abril de 2016, respectivamente.

Luego de considerar las alegaciones de ambas partes, las estipulaciones de hechos y los referidos escritos, la Junta de Apelaciones dictó la *Resolución Final* recurrida. En esencia, concluyó que la ACT no había llevado a cabo un proceso de revocación con respecto a la determinación del director ejecutivo, por lo que la misma se encontraba vigente y debía ser acatada por la ACT. Consecuentemente, declaró con lugar la apelación presentada por el señor Martínez Matos y ordenó a la recurrente a realizar el pago a la ASR.

Insatisfecha con la referida determinación, el 21 de febrero de 2017, la ACT presentó una solicitud de reconsideración, que fue rechazada de plano. A la luz de ello, el 7 de abril de 2017, instó el presente recurso, en el que apuntó la comisión de los siguientes errores:

> Erró la Junta de Apelaciones al avalar una actuación *ultra vires* por parte del Ing. Luis Trinidad Garay, entonces Director Ejecutivo de la ACT.

> Erró la Junta de Apelaciones en ordenar el pago de una aportación patronal por concepto de un diferencial por

> interinato que en ley no corresponde aportar, aduciendo que la misma tenía visos de permanencia.
>
> Erró la Junta de Apelaciones al determinar que la aportación patronal era un derecho adquirido.
>
> Erró la Junta de Apelaciones en adoptar la interpretación errónea de derecho y de jurisprudencia presentada por el Ing. Martínez [Matos] en su Memorando de Argumentación, incluyendo adoptar la controversia presentada por él, y no realizar su propia interpretación.

(Énfasis omitido).

El proceso ante nos fue interrumpido, pues, el 30 de mayo de 2017, la recurrente presentó un escrito en el que informó que la Junta de Supervisión y Administración Financiera para Puerto Rico, a nombre de la ACT, había presentado una petición de quiebra ante el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico, al amparo del Título III de la *Oversight, Management, and Economic Stability Act*, conocida como PROMESA, por sus siglas en inglés, 48 USC secs. 2101, *et seq.*

La ACT arguyó que en virtud del Código de Quiebras Federal, aplicable a PROMESA, la presentación de la petición de quiebra tenía el efecto inmediato de paralizar toda acción civil que cualquier persona natural o jurídica hubiese iniciado, intentara continuar o de la cual solicitara la ejecución de una sentencia, contra el Gobierno de Puerto Rico, sus instrumentalidades o corporaciones, mientras los procedimientos se encontrasen pendientes ante el tribunal.

A esos efectos, el 16 de junio de 2017, dictamos *Sentencia* en virtud de la cual ordenamos el archivo administrativo del recurso. No obstante, conservamos nuestra jurisdicción para ordenar la reapertura del mismo en caso de que la paralización fuera dejada sin efecto.

Transcurridos varios años, el 5 de agosto de 2024, el señor Martínez Matos presentó una moción en la que solicitó la desestimación del recurso. En esencia, sostuvo que la paralización del pleito había sido dejada sin efecto tras una estipulación alcanzada por las partes el 15 de agosto de 2017, recogida en la orden dictada el 11 de abril de 2018, por la jueza Laura Taylor Swain. Añadió que las partes del título habían llegado a un acuerdo

a los efectos de que la determinación recurrida se considerara final y firme, pero que la ACT nunca suscribió el mismo.

Además, indicó que, el 24 de enero de 2024, había solicitado nuevamente a la ACT que se ejecutara la *Resolución Final* impugnada, pero esta no actuó sobre la misma. El señor Martínez Matos adujo que tal actuación implicaba un abandono de la causa, por lo que solicitó la desestimación del recurso ante nos al amparo de la Regla 83 del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. El 21 de agosto de 2024, la ACT se opuso a la solicitud de desestimación.

Evaluados los escritos de las partes comparecientes, el 23 de agosto de 2024, emitimos una *Resolución* a través de la cual dejamos sin efecto la *Sentencia* dictada el 16 de junio de 2017, y ordenamos la continuación del recurso. Adicionalmente, declaramos sin lugar la solicitud de desestimación y concedimos un término perentorio al señor Martínez Matos para que presentara su oposición al recurso.

En cumplimiento, el 23 de septiembre de 2024, el recurrido presentó su escrito en oposición.

Perfeccionado el recurso, resolvemos.

II

A

La Ley Núm. 447 de 15 de mayo de 1951, según enmendada, conocida como la *Ley de Retiro del Personal del Gobierno del Estado Libre Asociado de Puerto Rico* (Ley de Retiro), 3 LPRA sec. 761, *et seq.*, creó el *Sistema de Retiro de los Empleados del Gobierno de Puerto Rico y sus Instrumentalidades.* Dicho sistema concede una serie de beneficios a los empleados púbicos, en función de la retribución o el sueldo que perciban. *Villamil Suárez v. DTOP*, 133 DPR 805, 810 (1993). Según la propia ley, la retribución es aquella recompensa bruta y en efectivo que devenga un empleado. 3 LPRA sec. 763(13). **Al momento de computar dicha retribución, se debe excluir toda bonificación concedida adicional al**

**salario, así como todo pago por concepto de horas extraordinarias de trabajo**. Id; *Villamil Suárez v. DTOP*, 133 DPR, a la pág. 810.

Con relación a las bonificaciones concedidas más allá del salario, el Tribunal Supremo de Puerto Rico ha especificado que usualmente se trata de aquellas conferidas por trabajo adicional, por la dificultad o los riesgos que conlleva una tarea de carácter temporero en el marco del trabajo regular del empleado, o por imperativos de política pública que emergieron de forma transitoria en cierto momento. *Íd.*, a la pág. 811. Así pues, se trata de bonificaciones que surgen de manera ocasional y con carácter temporal, por situaciones transitorias e imprevisibles. *Íd.*

B

La Autoridad de Carreteras y Transportación de Puerto Rico (ACT) fue creada por virtud de la Ley Núm. 74 de 23 de junio de 1965, según enmendada, conocida como la *Ley de la Autoridad de Carreteras y Transportación de Puerto Rico*, 9 LPRA sec. 2001, *et seq*. Además, a través de dicha ley, la Asamblea Legislativa delegó a la ACT la facultad de, entre otros, adoptar "estatutos para reglamentar sus asuntos y para establecer normas para el manejo de sus negocios". 9 LPRA sec. 2004 (c).

Conforme a ello, la ACT adoptó el Reglamento de Personal Núm. 5523 (Reglamento Núm. 5523)[8]. El Reglamento Núm. 5523 establece una serie de normas basadas en el principio de mérito, las cuales aplican a todos los empleados de la ACT, que no estén cobijados por un convenio colectivo[9].

En lo atinente a la controversia ante nuestra consideración, el Reglamento Núm. 5523 reconoce la sustitución interina como aquella que ocurre cuando un empleado es designado para llevar a cabo los deberes de un puesto vacante de categoría superior, o para sustituir a algún otro

---

[8] Reglamento Núm. 5523 de 6 de noviembre de 1996, conocido como *Reglamento de Personal de la Autoridad de Carreteras y Transportación*. Hacemos constar que el referido estatuto fue derogado el 30 de noviembre de 2011, por el Reglamento Núm. 8111. No obstante, hacemos referencia al primero puesto que era el que se encontraba vigente al momento de los hechos que aquí nos ocupan.

[9] Reglamento Núm. 5523, Artículo 4.

empleado de mayor jerarquía, por un periodo mayor de diez (10) días[10]. En dichos casos, el empleado tendrá derecho al pago de un diferencial, equivalente a la diferencia entre el sueldo básico de su puesto regular y el sueldo básico del puesto interino[11]. Dicho diferencial "constituirá una compensación especial adicional y separada del sueldo regular, que se eliminará cuando desaparezcan las circunstancias que justificaron su concesión"[12].

Por otro lado, y en lo que nos concierne, el Reglamento Núm. 5523 prohíbe cualquier transacción de personal relacionada a las áreas esenciales al principio de mérito[13] en un periodo de dos (2) meses antes y dos (2) meses después de la celebración de las elecciones generales en Puerto Rico[14].

C

La norma reiterada es a los efectos de que las decisiones de los organismos administrativos merecen la mayor deferencia judicial, pues son estos los que cuentan con el conocimiento experto de los asuntos que les son encomendados. *Super Asphalt v. AFI y otro*, 206 DPR 803, 919 (2021). Además, al momento de revisar una decisión administrativa, el criterio rector para los tribunales será la razonabilidad de la actuación de la agencia. *González Segarra et al. v. CFSE*, 188 DPR 252, 276 (2013). Debido a que toda sentencia o determinación administrativa está protegida por una presunción de corrección y validez, la parte que acude a este Tribunal de Apelaciones tiene el deber de colocar a este foro en posición de conceder el remedio solicitado. *Morán v. Martí,* 165 DPR 356, 366 (2005).

---

[10] Reglamento Núm. 5523, Artículo 7(47).

[11] *Íd.*, Artículo 14, sec. 14.3(4).

[12] *Íd.*, Artículo 14, sec. 14.3(2).

[13] Las áreas esenciales al principio de mérito comprenden la clasificación de puestos, el reclutamiento y la selección, los ascensos, los traslados y descensos, y los adiestramientos y la retención. *Véase*, Artículo 7(3) del Reglamento Núm. 5523.

[14] *Íd.*, Artículo 21.

A su vez, el estándar de revisión judicial en materia de decisiones administrativas se circunscribe a determinar: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hechos de la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo; y, (3) si las conclusiones de derecho fueron correctas. *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010).

Así pues, como norma general, las determinaciones de hechos de organismos y agencias "tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas". *Vélez v. A.R.Pe.*, 167 DPR 684, 693 (2006). Por ello, la revisión judicial ha de limitarse a determinar si la agencia actuó de manera arbitraria, ilegal, irrazonable, o fuera del marco de los poderes que se le delegaron. *Torres v. Junta Ingenieros*, 161 DPR 696, 708 (2004).

De otra parte, las conclusiones de derecho de las agencias administrativas serán revisables en toda su extensión. *Torres Santiago v. Depto. Justicia*, 181 DPR 969,1003 (2011); *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR, a la pág. 941. Sin embargo, esto no significa que los tribunales podemos descartar libremente las conclusiones e interpretaciones de la agencia. *Otero v. Toyota*, 163 DPR 716, 729 (2005).

En fin, como ha consignado el Tribunal Supremo de Puerto Rico, la deferencia concedida a las agencias administrativas únicamente cederá cuando: (1) la determinación administrativa no esté basada en evidencia sustancial; (2) el organismo administrativo haya errado en la aplicación o interpretación de las leyes o los reglamentos que se le ha encomendado administrar; (3) cuando el organismo administrativo actúe arbitraria, irrazonable o ilegalmente, al realizar determinaciones carentes de una base racional; o, (4) cuando la actuación administrativa lesione derechos constitucionales fundamentales. *Super Asphalt v. AFI y otro*, 206 DPR, a la pág. 819, que cita a *Torres Rivera v. Policía de PR*, 196 DPR 606, 628

(2016); *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 744-745 (2012).

III

De entrada, señalamos que aun cuando a la ACT no le asiste la razón en todos los errores apuntados, esta esbozó argumentos oportunos para conceder la revocación de la *Resolución Final.* A los fines de aclarar varios planteamientos, discutimos los errores señalados.

En su primer señalamiento de error, la ACT sostiene que la actuación del director ejecutivo fue *ultra vires*. En principio, fundamenta su argumento en que la derogada Ley Núm. 184 de 3 de agosto de 2004, conocida como la *Ley para la Administración de los Recursos Humanos en el Servicio Público*, 3 LPRA sec. 1461, *et seq.* (Ley Núm. 184), dispone expresamente que el director ejecutivo del organismo administrativo está impedido de llevar a cabo cambios o acciones de retribución dos (2) meses antes y dos (2) meses después de la celebración de las elecciones generales en Puerto Rico[15]. En segundo lugar, sostiene que, luego de la denegatoria inicial de su solicitud, el señor Martínez Matos debía presentar una apelación ante la Junta de Apelaciones, por ser dicho foro el único con jurisdicción para atender el asunto. Veamos.

En cuanto al primer razonamiento de la ACT, es meritorio puntualizar que las disposiciones de la Ley Núm. 184 no le son de aplicación a la ACT. Adviértase que, en su Artículo 5.3, la referida ley establece expresamente que las corporaciones públicas, como la ACT, están excluidas de sus disposiciones. 3 LPRA sec. 146e (3). El mismo artículo añade que estas deben adoptar reglamentos que incorporen el principio de mérito a la administración de sus recursos humanos. Precisamente a ello responde el Reglamento Núm. 5523 reseñado en el presente escrito[16].

En esa misma línea, es menester destacar que el Reglamento Núm. 5523 contiene una disposición prohibitiva casi idéntica a la recogida en la

---

[15] *Véase*, 3 LPRA sec. 1462h, ed. de 2011.

[16] *Véase*, Artículo 4 del Reglamento Núm. 5523.

Ley Núm. 184. No obstante, su distinción estriba en cambios relacionados al principio de mérito, en los que nada se dispone sobre la concesión de diferenciales por concepto de una sustitución interina. De modo que resulta forzoso concluir que el planteamiento de la ACT a los efectos de que la determinación del director ejecutivo fue realizada dentro del periodo de veda electoral resulta inmeritorio.

Con respecto al asunto jurisdiccional formulado por la ACT, no le asiste la razón. Ciertamente el Reglamento Núm. 5523 crea a la Junta de Apelaciones de la ACT como el ente con jurisdicción para atender peticiones de empleados que estén en desacuerdo con determinaciones del director ejecutivo. Reglamento Núm. 5523, Artículo 19, sec. 19.2. No obstante, evaluada la denegatoria inicial de la solicitud del señor Martínez Matos, notamos que la recurrente no incluyó apercibimiento alguno sobre el derecho del recurrido a acudir ante la Junta de Apelaciones. Más aún, ninguno de los documentos que obra en el expediente refleja que la ACT hubiera advertido al señor Martínez Matos de ello. Nótese que no es hasta que el recurrido acude ante este foro en el alfanumérico KLAN201101581, que se le informa que debía acudir ante la Junta de Apelaciones. La ausencia de un apercibimiento adecuado sobre el foro al que el recurrido debía acudir resulta en una notificación defectuosa que incide en su derecho a un debido proceso de ley.

Habida cuenta de todo lo anterior, razonamos que el primer error no se cometió.

En su segundo señalamiento de error, la recurrente aduce que la Junta de Apelaciones incidió al ordenar el pago de una aportación patronal a la ASR por concepto de diferencial por interinato cuando no le correspondía, toda vez que el mismo no gozaba de visos de permanencia.

Según expuesto, la Ley de Retiro es clara en cuanto a que las bonificaciones adicionales al sueldo no forman parte de la retribución para efectos de las aportaciones a la ASR. 3 LPRA sec. 763(13). Asimismo, el Reglamento Núm. 5523 puntualizaba que los diferenciales concedidos

constituían una compensación adicional y separada del sueldo regular. Reglamento Núm. 5523, Artículo 14, sec. 14.3. Conforme a esta normativa, los diferenciales no están sujetos a las aportaciones a la ASR.

Ahora bien, el Tribunal Supremo de Puerto Rico reconoció una excepción en *Villamil Suárez v. DTOP*, *Villamil Suárez v. DTOP*, 133 DPR 805 (1993), caso que planteaba una controversia similar a la que aquí nos ocupa. Conforme surge de la opinión, el señor Villamil Suárez fue contratado como director ejecutivo por el entonces secretario del DTOP. Al momento de su reclutamiento, este último autorizó un diferencial de dos (2) pasos sobre el sueldo básico de la posición. Ello respondió a que el puesto era uno de difícil reclutamiento. Tras casi diez (10) años en la posición, el secretario del DTOP le informó al señor Villamil Suárez que el referido diferencial de dos (2) pasos no estaba sujeto a las aportaciones a la ASR.

Evaluado el asunto, el Tribunal Supremo resolvió que el diferencial concedido respondió a un asunto de reclutamiento, por lo que el mismo tenía un carácter permanente. En particular, concluyó que el diferencial en cuestión fue ofrecido como parte de la retribución del señor Villamil Suárez, "con el propósito de inducirle a aceptar una posición para la cual estaba especialmente capacitado".[17] Precisó que el mismo no respondía a "circunstancias particulares que eventualmente desaparecerían"[18].

Como parte de sus fundamentos, el Tribunal Supremo distinguió entre los diferenciales por labores rutinarias y aquellos que surgían como parte de situaciones transitorias e imprevisibles. Precisó que el primero tenía visos de permanencia, mientras que el segundo era de naturaleza pasajera.

Desde entonces, la norma es clara: el único diferencial que forma parte de la retribución a los fines de la Ley de Retiro es aquel que tiene visos de permanencia. Así pues, en el presente caso, nos corresponde

---

[17] *Villamil Suárez v. DTOP*, 133 DPR, a la pág. 812.

[18] *Íd.*

determinar si el diferencial otorgado al señor Martínez Matos gozaba de tal naturaleza.

Tras un examen del expediente ante nos, no podemos concluir que el diferencial adjudicado al señor Martínez Matos hubiera exhibido visos de permanencia.

Conforme a las estipulaciones de las partes del título, el señor Martínez Matos ocupó un puesto interino desde el 30 de mayo de 2006, hasta el 9 de marzo de 2008, y, efectivo el 10 de marzo de 2008, pasó a ocupar el mismo en propiedad. Posteriormente, el 28 de marzo de 2008, el director ejecutivo remitió una misiva al director del área de recursos humanos la cual incluía, entre otros, una recomendación salarial. En particular, el director ejecutivo recomendó el otorgamiento del máximo de pasos con relación al puesto en propiedad, dado a que el mismo era uno de difícil reclutamiento. Nótese que se trata de las mismas circunstancias acaecidas en *Villamil Suárez v. DTOP*.

Ahora bien, aunque el puesto en propiedad resultó ser uno de difícil reclutamiento, no fue así con respecto al interinato desempeñado por el señor Martínez Matos. Según el mismo escrito reseñado en el párrafo que antecede, el recurrido fue nombrado al puesto interino "debido a la renuncia por años de servicio del anterior incumbente"[19]. Es decir, distinto a lo ocurrido con el puesto en propiedad, el nombramiento del señor Martínez Matos al puesto de manera interina no respondió a una cuestión de dificultad en el reclutamiento.

No nos convence el argumento del recurrido sobre que el interinato y el diferencial concedido tuvieron el propósito de retenerlo en la posición. Al contrario, coincidimos con la ACT en cuanto a que haber ocupado el puesto de manera interina no era una garantía de que eventualmente lo nombrarían a la posición en propiedad.

Así pues, concluimos que el diferencial concedido por concepto de interinato no gozaba de visos de permanencia. Por tanto, la ACT no venía

---

[19] *Véase*, apéndice del recurso, a la pág. 55.

obligada a llevar a cabo la aportación a la ASR por concepto del referido diferencial.

En su tercer señalamiento de error, la recurrente indica que la Junta de Apelaciones incidió al resolver que el diferencial obtenido por el puesto interino constituía un derecho adquirido. Ahora bien, en la medida en que concluimos que el diferencial otorgado no era computable para efectos de la aportación patronal a la ASR, huelga apuntar que el señor Martínez Matos no gozaba de un derecho adquirido sobre el mismo. Si bien es cierto que los beneficios de las pensiones son un derecho adquirido de naturaleza contractual[20], reafirmamos que el diferencial otorgado en el presente caso no forma parte de tales beneficios.

Sobre este asunto, cabe señalar que, en su oposición, el señor Martínez Matos sostiene que el derecho adquirido al que hace referencia la determinación de la Junta de Apelaciones es "el derecho que le extendió el [director ejecutivo] de que la ACT efectúe la aportación patronal a la ASR". Dicho de otra manera, el recurrido aduce que la determinación del director ejecutivo para que se efectuara la aportación patronal constituía un derecho adquirido. Este argumento carece de méritos.

Como es sabido, los derechos adquiridos son concebidos como "consecuencia de un hecho idóneo, al producirlos en virtud de una ley vigente en el tiempo en que el hecho ha sido realizado, y que se han incorporado a una persona". *Hernández, Romero v. Pol. de P.R.*, 177 DPR 121, 147 (2009), que cita a *Consejo de Titulares v. Williams Hospitality*, 168 DPR 101, 108-109 (2006). Muy distinto a ello es una determinación emitida por un director ejecutivo de una agencia, la cual está sujeta a revisión tanto por el foro administrativo como por este Tribunal de Apelaciones. Recordemos que, aun cuando las decisiones de los organismos administrativos merecen la mayor deferencia judicial, la misma cede en instancias en las que (1) la determinación no esté basada en evidencia sustancial; (2) cuando la agencia haya errado al aplicar o interpretar las

---

[20] Véase, *Byron Torres v. Serra*, 119 DPR 605, 618 (1987).

disposiciones legales; (3) cuando esta haya actuado arbitraria, irrazonable o ilegalmente; (4) o cuando la actuación administrativa lesione derechos constitucionales fundamentales. *Super Asphalt v. AFI y otro*, 206 DPR, a la pág. 819.

Conforme lo hasta aquí resuelto, concluimos que el cuarto señalamiento de error no requiere discusión adicional.

IV

A la luz de los hechos y el derecho antes expuestos, **revocamos** la *Resolución Final* emitida por la Junta de Apelaciones de la Autoridad de Carreteras y Transportación el 30 de enero de 2017.

El juez Sánchez Ramos disiente por considerar que la determinación recurrida, tanto en sus determinaciones de hecho, como en sus conclusiones de derecho, es razonable, y, por tanto, merece nuestra deferencia.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones